UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.

BRIK ENTERPRISES, INCORPORATION,
D/B/A CULVER'S OF CLARKSTON, DAVISON
HOSPITALITY, INC., D/B/A CULVER'S OF
DAVISON, FENTON HOSPITALITY, INC.,
D/B/A CULVER'S OF FENTON, GB
HOSPITALITY INC., D/B/A CULVER'S OF
GRAND BLANC, BLUE WATER HOSPITALITY,
INC.,

    Defendants.

No. 24-cv-12817 BRM CI

Hon. Brandy R. McMillion
Mag. Judge Curtis Ivy, Jr.

| | |
|---|---|
| DIANA E. MARIN  (P81514)<br>Trial Attorney<br>Detroit Field Office<br>EEOC<br>477 Michigan Avenue, Room 865<br>Detroit, MI  48226<br>(313) 774-0057<br>Diana.marin@eeoc.gov | COURTNEY L. NICHOLS  (P75160)<br>Plunkett Cooney<br>Attorneys for Defendants<br>38505 Woodward Ave., Suite 100<br>Bloomfield Hills, MI  48304<br>(248) 594-6360<br>cnichols@plunkettcooney.com<br>gamesse@plunkettcooney.com (asst) |

**ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND**

NOW COME the above-named Defendants, by and through their Attorneys, Plunkett Cooney, and in Answer to Plaintiff's Complaint, state as follows:

## JURISDICTION AND VENUE

1. Defendants admit the allegations set forth in paragraph 1 of the Complaint.

2. Defendants deny that they committed any unlawful employment practices, as alleged in paragraph 2 of the Complaint, but admit that this Court is an appropriate venue for this action.

## PARTIES

3. Defendants admit the allegations set forth in paragraph 3 of the Complaint.

4. Defendants admit the allegations set forth in paragraph 4 of the Complaint.

5. Defendants admit the allegations set forth in paragraph 5 of the Complaint.

6. Defendants admit the allegations set forth in paragraph 6 of the Complaint.

7. Defendants admit that Culver's of Davison has been an "employer" for purposes of Title VII but deny that it was the employer of any

individuals affected by the allegedly unlawful employment practices asserted in the Complaint.

8. Defendants admit the allegations set forth in paragraph 8 of the Complaint.

9. Defendants admit that Culver's of Fenton has been an "employer" for purposes of Title VII but deny that it was the employer of any individuals affected by the allegedly unlawful employment practices asserted in the Complaint.

10. Defendants admit the allegations set forth in paragraph 10 of the Complaint.

11. Defendants admit that Culver's of Grand Blanc has been an "employer" for purposes of Title VII but deny that it was the employer of any individuals affected by the allegedly unlawful employment practices asserted in the Complaint.

12. Defendants admit the allegations set forth in paragraph 12 of the Complaint.

13. Defendants admit that Blue Water Hospitality, Inc. has been an "employer" for purposes of Title VII but deny that it was the employer of any individuals affected by the allegedly unlawful employment practices asserted in the Complaint.

14. Defendants deny that they have operated as a single employer or integrated enterprise because the assertion is untrue.

   a. Defendants admit the allegations set forth in paragraph 14(a) of the Complaint.

   b. Defendants admit the allegations set forth in paragraph 14(b) of the Complaint.

   c. Defendants deny the allegations set forth in paragraph 14(c) of the Complaint because they are untrue.

   d. Defendants admit the allegations set forth in paragraph 14(d) of the Complaint.

   e. Defendants deny the allegations set forth in paragraph 14(e) of the Complaint because they are untrue.

   f. Defendants deny the allegations set forth in paragraph 14(f) of the Complaint because they are untrue.

   g. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 14(g) of the Complaint and therefore deny the same.

   h. Defendants admit the allegations set forth in paragraph 14(h) of the Complaint.

## **ADMINISTRATIVE PROCEDURES**

15. Defendants admit that Asher Lucas filed a charge with the EEOC alleging violations of Title VII but deny any implication that the Charge named all the Defendants to this action, and further deny that any actionable violations of Title VII occurred.

16. Defendants admit that EEOC issued a Letter of Determination finding probable cause but deny that EEOC invited all the Defendants to join in conciliation, and further deny that any actionable violations of Title VII occurred.

17. Defendants admit that EEOC engaged in communications with Defendant Brik Enterprises ("Culver's Clarkson") but deny that EEOC engaged in such communications with the other Defendants because that is not true.

18. Defendants admit that EEOC issued a Notice of Failure of Conciliation but deny any implication that all Defendants were involved in conciliation and/or that they are a single/joint employer under applicable legal standards.

19. Defendants deny the allegations set forth in paragraph 19 of the Complaint because they are untrue.

## **STATEMENT OF CLAIMS**

20. Defendants deny the allegations set forth in paragraph 20 of the Complaint because they are untrue.

    a. On information and belief, Defendants admit that Lucas is a transgender man who uses male pronouns.

    b. Defendants admit the allegations set forth in paragraph 20(b) of the Complaint.

    c. Defendants admit the allegations set forth in paragraph 20(c) of the Complaint.

    d. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 20(d) of the Complaint and therefore deny the same.

    e. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 20(e) of the Complaint and therefore deny the same.

    f. Defendants deny the allegations set forth in paragraph 20(f) of the Complaint because they are untrue.

g.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 20(g) of the Complaint and therefore deny the same.

h.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 20(h) of the Complaint and therefore deny the same.

i.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 20(i) of the Complaint and therefore deny the same.

j.  Defendants deny the allegations set forth in paragraph 20(j) of the Complaint because they are untrue.

k.  Defendants deny the allegations set forth in paragraph 20(k) of the Complaint because they are untrue.

l.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 20(l) of the Complaint and therefore deny the same.

60028933.1

m. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 20(m) of the Complaint and therefore deny the same.

n. Defendants admit the allegations set forth in paragraph 20(n) of the Complaint.

o. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 20(o) of the Complaint and therefore deny the same.

p. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 20(p) of the Complaint and therefore deny the same.

q. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 20(q) of the Complaint and therefore deny the same.

r. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth

in paragraph 20(r) of the Complaint and therefore deny the same.

s. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 20(s) of the Complaint and therefore deny the same.

t. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 20(t) of the Complaint and therefore deny the same.

u. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 20(u) of the Complaint and therefore deny the same.

v. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 20(v) of the Complaint and therefore deny the same.

w. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth

60028933.1

        in paragraph 20(w) of the Complaint and therefore deny the same.

x.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 20(x) of the Complaint and therefore deny the same.

y.    Defendants admit the allegations set forth in paragraph 20(y) of the Complaint.

z.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 20(z) of the Complaint and therefore deny the same.

aa.    Defendants deny the allegations set forth in paragraph 20(aa) of the Complaint because they are untrue.

bb.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 20(bb) of the Complaint and therefore deny the same.

cc.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth

        in paragraph 20(cc) of the Complaint and therefore deny the same.

    dd.    Defendants admit the allegations set forth in paragraph 20(dd) of the Complaint.

    ee.    Defendants deny the allegations set forth in paragraph 20(ee) of the Complaint because they are untrue.

    ff.    Defendants deny the allegations set forth in paragraph 20(ff) of the Complaint because they are untrue.

    gg.    Defendants deny the allegations set forth in paragraph 20(gg) of the Complaint because they are untrue.

    hh.    Defendants deny the allegations set forth in paragraph 20(hh) of the Complaint because they are untrue.

21.    Defendants deny the allegations set forth in paragraph 21 of the Complaint because they are untrue.

22.    Defendants deny the allegations set forth in paragraph 22 of the Complaint because they are untrue.

23.    Defendants deny the allegations set forth in paragraph 23 of the Complaint because they are untrue.

24.    Defendants deny the allegations set forth in paragraph 24 of the Complaint because they are untrue.

60028933.1

25. Defendants deny the allegations set forth in paragraph 25 of the Complaint because they are untrue.

WHEREFORE, Defendants request that the Court deny all forms of relief sought by Plaintiff and pray for a Judgment of No Cause for Action together with costs and attorney's fees so wrongfully sustained in defending this litigation.

          Respectfully submitted,

          PLUNKETT COONEY

BY:   /s/Courtney L. Nichols
      COURTNEY L. NICHOLS (P75160)
      Attorneys for Defendants
      38505 Woodward Avenue, Suite 100
      Bloomfield Hills, MI  48304
      (248) 594-6360
      cnichols@plunkettcooney.com

## **AFFIRMATIVE DEFENSES**

NOW COME the above-named Defendants, by and through Attorneys, Plunkett Cooney, and submit the following Affirmative Defenses which may be relied upon at the time of trial of this matter:

1. The Complaint may fail to state a claim upon which relief can be granted, entitling one or more Defendants to judgment as a matter of law and/or fact.

2. Plaintiff's claims may be barred by the statute of limitations.

3. Plaintiff's claims are barred to the extent it failed to exhaust administrative remedies.

4. Plaintiff's claims are barred by the failure to name all employers or other defendants in the underlying administrative charge.

5. Plaintiff's claims are barred to the extent that one or more Defendants did not employ the Charging Party.

6. Plaintiff's claims fail because the Defendants acted at all times within the bounds of good faith and for lawful, legitimate, non-discriminatory, and non-retaliatory business reasons.

7. Plaintiff's claims fail because the Charging Party was not discriminated against because of sex or his membership in any other protected class.

8. Plaintiff's claims fail because the Charging Party was not retaliated against for engaging in any conduct protected by Title VII or any other applicable law.

9. Plaintiff's claims are barred to the extent the same actions with respect to the Charging Party's employment would have occurred regardless of sex, any other protected characteristic, and/or protected activity.

13

10. Plaintiff's claims may be barred by the after-acquired evidence doctrine.

11. Plaintiff's claims may be barred for spoliation of evidence.

12. Plaintiff's claims may be barred by the doctrine of unclean hands.

13. Plaintiff's claims may be barred based on the intervening acts of a non-party.

14. Plaintiff's claims and/or the relief it seeks may be barred by the failure to mitigate damages.

15. Discovery has yet to begin, and the Defendants reserve the right to amend their answers and/or these affirmative and other defenses.

                Respectfully submitted,

                PLUNKETT COONEY

BY: /s/Courtney L. Nichols
     COURTNEY L. NICHOLS  (P75160)
     Attorneys for Defendants
     38505 Woodward Avenue, Suite 100
     Bloomfield Hills, MI  48304
     (248) 594-6360
     cnichols@plunkettcooney.com

## RELIANCE ON JURY DEMAND

NOW COMES the above-named Defendants, by and through Attorneys, PLUNKETT COONEY, and hereby rely on the jury demand as filed by Plaintiff on or about October 25, 2024.

          Respectfully submitted,

          PLUNKETT COONEY

BY:   /s/Courtney L. Nichols
       COURTNEY L. NICHOLS (P75160)
       Attorneys for Defendants
       38505 Woodward Avenue, Suite 100
       Bloomfield Hills, MI 48304
       (248) 594-6360
       cnichols@plunkettcooney.com

## PROOF OF SERVICE

The undersigned certifies that on December 16, 2024 a copy of the foregoing document was served upon the attorney(s) of record in this matter at their stated business address as disclosed by the records herein via:

- [ ] Hand delivery
- [ ] U.S. Mail
- [ ] Email
- [ ] Overnight mail
- [ ] Facsimile
- [x] Electronic e-file

I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

         /s/Gina Amesse
         Gina Amesse

15