# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.

BRIK ENTERPRISES INCORPORATED
d/b/a CULVER'S OF CLARKSTON,
DAVISON HOSPITALITY, INC.
d/b/a CULVER'S OF DAVISON,
FENTON HOSPITALITY, INC.
d/b/a CULVER'S OF FENTON,
GB HOSPITALITY, INC. d/b/a CULVER'S
OF GRAND BLANC, and BLUE WATER
HOSPITALITY, INC.,

    Defendants.

Case No. 24-cv-12817

Hon. Brandy R. McMillion

---

## ORDER GRANTING ASHER LUCAS'S
## MOTION TO INTERVENE (ECF NO. 7)

This matter is before the Court upon Asher Lucas's ("Lucas") Motion to Intervene (ECF No. 7). Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") filed this action against Defendants Brik Enterprises Incorporated d/b/a Culver's of Clarkston, Davison Hospitality, Inc. d/b/a Culver's of Davison, Fenton Hospitality Inc. d/b/a Culver's of Fenton, GB Hospitality, Inc. d/b/a Culver's of Grand Blanc, and Blue Water Hospitality, Inc. (collectively, "Defendants") alleging violations of Title VII of the Civil Rights Act of 1964 and

Title I of the Civil Rights Act of 1991. *See generally* ECF No. 1. Lucas now seeks to intervene as the person aggrieved by the conduct alleged as a part of this civil action. For the reasons below, the Motion to Intervene (ECF No. 7) is **GRANTED**.

## I.

On October 25, 2024, Plaintiff filed this action against Defendants alleging unlawful employment practices on the basis of sex and retaliation. The EEOC sought relief for Lucas, among others, asserting claims under federal law. *See* ECF No. 1, PageID.2. Defendants have answered the Complaint. *See* ECF No. 12. However, before the answer was filed, Lucas filed the instant Motion to Intervene. ECF No. 7. Neither Plaintiff nor Defendants have filed a response to the motion, and the time to do so has passed.

## II.

Rule 24 of the Federal Rules of Civil Procedure governs intervention in civil actions. The rule provides in relevant part:

> INTERVENTION OF RIGHT. On timely motion, the court must permit anyone to intervene who:
>
>   (1) is given an unconditional right to intervene by a federal statute; or
>
>   (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. Proc. 24(a). Title VII of the Civil Rights Act of 1964 provides an unconditional right to intervene to the person who has been aggrieved by the unlawful conduct. *See* 42 U.S.C. § 2000e-5(f)(1).

## III.

Lucas timely filed this motion to intervene less than two weeks after the EEOC filed the original Complaint. The Complaint alleges unlawful employment practices relating to how Lucas and others were treated by Defendants. However, the Complaint only raises claims under federal law and Lucas seeks to also raise claims under state law. *See* ECF No. 7-1, PageID.60, 63-64, 66-67. By definition, Lucas is the aggrieved party under Title VII, and therefore has an unconditional right to intervene. The state law claims that he seeks to add all arise from the same facts and circumstances and raise common questions of law and fact as the federal claims against the Defendants. Therefore, the state claims can be permissively joined as a part of this suit. *See* Fed. R. Civ. P. 18, 20.

## IV.

Because the Court finds that Lucas is entitled to intervene as a matter of right, and neither party has filed an opposition to his requested intervention, the Court will grant Lucas's request.

3

Accordingly, **IT IS HEREBY ORDERED** that Asher Lucas's Motion to Intervene (ECF No. 7) is **GRANTED**. The Court will docket ECF No. 7-1 as the Intervening Complaint.

**IT IS FURTHER ORDERED** that Defendants shall answer or otherwise respond to the Intervening Complaint on or before January 23, 2025.

**IT IS SO ORDERED.**

Dated:  January 2, 2025                           s/Brandy R. McMillion
                                                  Honorable Brandy R. McMillion
                                                  United States District Judge