UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

      Plaintiff,

and

**ASHER LUCAS,**

      Intervenor-Plaintiff

vs.

**BRIK ENTERPRISES, INCORPORATED DBA CULVER'S OF CLARKSTON, DAVISON HOSPITALITY, INC., DBA CULVER'S OF DAVISON, FENTON HOSPITALITY INC., DBA CULVER'S OF FENTON, GB HOSPITALITY, INC. DBA CULVER'S OF GRAND BLANC, BLUE WATER HOSPITALITY, INC.,**

      Defendants.

Case No. 24-cv-12817

HON. BRANDY R. MCMILLION

**MANNARINO LAW PLLC**
By:  ANGELA M. MANNARINO (P72374)
Attorneys for Intervenor-Plaintiff
37637 Five Mile Road #294
Livonia, MI 48154
(734) 430-0880
angela@mannarino-law.com

# COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COMES Intervenor-Plaintiff, by his attorneys, MANNARINO LAW PLLC, and for his Complaint against Defendants states as follows:

1. This Complaint asserts claims of discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC §2000e, *et seq.*, as amended. and in violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL §37.201, *et seq.,* as amended.

## PARTIES

2. Intervenor-Plaintiff ASHER LUCAS (hereinafter referred to as "Lucas") is an individual who resides in the City of Clarkston, County of Oakland, State of Michigan.

3. Defendant BRIK ENTERPRISES, INCORPORATED DBA CULVER'S OF CLARKSTON (hereinafter "Brik") is a Michigan corporation; authorized to and doing business in Michigan; with a place of business in the City of Clarkston, County of Oakland, State of Michigan; at all relevant times, conducts regular, continuous, and systematic business activities in the Eastern District of Michigan; and has continuously had at least 15 employees.

4. Defendant DAVISON HOSPITALITY INC. DBA CULVER'S OF DAVISON (hereinafter "Davison Hospitality") is a Michigan corporation; authorized to and doing business in Michigan; with its principal place of business in

the City of Davison, County of Genesee, State of Michigan; at all relevant times, conducts regular, continuous, and systematic business activities in the Eastern District of Michigan; has continuously had at least 15 employee.

5. Defendant FENTON HOSPITALITY INC. DBA CULVER'S OF DAVISON (hereinafter "Fenton Hospitality") is a Michigan corporation; authorized to and doing business in Michigan; with its principal place of business in the City of Fenton, County of Genesee, State of Michigan; and, at all relevant times, conducts regular, continuous, and systematic business activities in the Eastern District of Michigan; and has continuously had at least 15 employees.

6. Defendant GB HOSPITALITY INC. DBA CULVER'S OF GRAND BLANC (hereinafter "GB Hospitality") is a Michigan corporation; authorized to and doing business in Michigan; with its principal place of business in the City of Grand Blanc, County of Genesee, State of Michigan; at all relevant times, conducts regular, continuous, and systematic business activities in the Eastern District of Michigan; and has continuously had at least 15 employees.

7. Defendant BLUE WATER HOSPITALITY, INC. (hereinafter "Blue Water") is a Michigan corporation; authorized to and doing business in Michigan; with its principal place of business in the City of Clarkston, County of Oakland, State of Michigan; at all relevant times, conducts regular, continuous, and systematic

business activities in the Eastern District of Michigan; and has continuously had at least 15 employees.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Defendant Brik, Defendant Davison Hospitality, Defendant Fenton Hospitality, Defendant GB Hospitality, and Defendant Blue Water (collectively "Defendants") because Defendants conduct business on a regular and systematic basis in the Eastern District of Michigan and each has a place of business in the Eastern District of Michigan.

9. This Court has jurisdiction over Lucas's Title VII claim under and pursuant to 28 USC §§1331 and 1343.

10. This Court has supplemental jurisdiction over Lucas's state law claims under and pursuant to 28 USC §1367, and the federal law claims substantially predominate over Lucas's state law claims.

11. At all relevant times, Defendants have operated a single employer or integrated enterprise by virtue of their common management, common ownership, interrelation of operations, and centralized control of labor relations.

12. Venue is proper in this judicial district pursuant to 28 USC §1391 because the events giving rise to the claims occurred in this judicial district.

13. On or about February 15, 2022, Lucas filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

14. When the EEOC was unable to secure from Defendants a conciliation agreement acceptable to the EEOC, on October 25, 2024, the EEOC filed a Complaint alleging violations of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.

**COMMON FACTUAL ALLEGATIONS**

15. Lucas is a transgender man who identifies as a man and uses the pronouns he/him.

16. Lucas began working for Defendants at Culver's Clarkston in May 2021.

17. Defendants' General Manager ("GM") was aware that Lucas was transgender.

18. In July 2021, the GM hired two female employees who worked with Lucas as Culver's Clarkston.

19. From July 2021 until November 10, 2021, one of Defendants' female employees frequently and purposely misgendered Lucas, referring to him as she/her whenever they worked together.

20. Lucas objected to and corrected the female employee's misgendering of him and complained to managers at Culver's Clarkston, but the female employee continued to use she/her pronouns to refer to Lucas.

21. Lucas was upset by the frequent misgendering and continued to oppose and correct the female employee's intentional misgendering.

22. On or about the last week of October or first week of November 2021, the female employee informed her daughter (the "second employee"), who was also employed at Culver's Clarkston, that Lucas was transgender.

23. Soon after, the second employee began misgendering Lucas using the pronouns she/her to address him.

24. Lucas objected to the second employee's conduct and corrected her misgendering, but the second employee continued to purposely misgender Lucas.

25. The first employee also sought out Lucas's birth name and obtained it either from Lucas's grandparents or Defendants' records.

26. The first employee shared Lucas's birth name with Culver's Clarkston employees without Lucas's consent, which led to certain employees calling Lucas by his birth name.

27. During the November 10, 2021 evening shift, Lucas and three other employees met in the Culver's Clarkston office to discuss the female employee's harassment of Lucas and Defendants' lack of meaningful response.

28. On November 10, 2021, Lucas contacted Defendants' GM and report the female employee's harassment and the fear he experienced because the female employee had obtained his birth name and was sharing it without his consent or

approval. Lucas also informed Defendants' GM that another female employee had also been misgendering him.

29. On November 11, 2021, Defendants' GM, in consultation with Defendants' owner Kathyn Schmitt, fired Lucas for opposing and complaining of the female employees' harassment.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 –SEX DISCRIMINATION

30. Lucas repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein verbatim.

31. At all relevant times, Defendants were an each "employer" and a "person" as those terms are defined by Title VII.

32. At all times relevant herein, under Title VII, Luas had a right to employment free from discrimination based on his sex.

33. Defendants violated Lucas's rights under Title VII by discriminating against Lucas because of his sex, including but not limited to:

   a. Terminating Lucas's employment because of his sex;

   b. Denying Lucas employment opportunities because of his sex;

   c. Treating employees, including Lucas, differently than similarly situated female employees;

   d. Discriminating against Lucas with respect to compensation or the terms, conditions, or privileges of employment; and

    e. Otherwise discriminating against and disparately treating Lucas on the basis of his sex with respect to the terms, conditions and privileges of his employment.

34. As a direct and proximate result of Defendants' aforementioned intentional violation of Lucas's civil rights, as set forth by Title VII, Lucas has and will continue to suffer damages, including but not limited to: the loss of employment; the loss of income, fringe benefits, and bonuses, both past and future; humiliation, shock, mental, emotional and physical distress; and damage to his personal and professional reputation.

**WHEREFORE**, Intervenor-Plaintiff Asher Lucas requests that this Court enter a Judgment against Defendants, jointly and severally, for damages and exemplary damages, in whatever amount is shown to be established by the proofs, and injunctive or equitable relief, together with interest, costs, and reasonable attorney fees.

### COUNT II – VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT – SEX DISCRIMINATION

35. Lucas repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein verbatim.

36. At all times relevant herein, Lucas was an employee and Defendants were an "employer" within the meaning of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101 *et seq*.

37. At all times relevant herein, under the ELCRA, Lucas had a right to employment free from discrimination based on his sex.

38. Defendants violated Lucas's rights under the ELCRA by, discriminating against Plaintiff because of his sex, including but not limited to:

   a. Terminating Lucas's employment because of his sex;

   b. Denying Lucas employment opportunities because of his sex;

   c. Treating employees, including Lucas, differently than similarly situated female employees;

   d. Discriminating against Lucas with respect to compensation or the terms, conditions, or privileges of employment; and

   e. Otherwise discriminating against and disparately treating Lucas on the basis of his sex with respect to the terms, conditions and privileges of his employment.

39. As a direct and proximate result of Defendants' aforementioned intentional violations of Lucas's civil rights, as set forth by the ELCRA, Lucas has and will continue to suffer damages, including but not limited to: the loss of employment; the loss of income, fringe benefits, and bonuses, both past and future; humiliation, shock, mental, emotional and physical distress; and damage to his personal and professional reputation.

**WHEREFORE**, Intervenor-Plaintiff Asher Lucas requests that this Court enter a Judgment against Defendants, jointly and severally, for damages and exemplary damages, in whatever amount is shown to be established by the proofs,

and injunctive or equitable relief, together with interest, costs, and reasonable attorney fees in accordance with MCL §37.2801.

### COUNT III – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – RETALIATION

40. Lucas repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein verbatim.

41. At all relevant times, Defendants each were an "employer" and a "person" as those terms are defined by Title VII.

42. Under Title VII, Defendants were prohibited from:

    a. Retaliating or otherwise discriminating against Lucas because he made or filed a complaint about harassment and/or discrimination which violated Title VII; and

    b. Retaliating or otherwise discriminating against Lucas because he expressed his opposition to harassment and/or discrimination which violated Title VII.

43. Defendants violated the aforementioned prohibitions imposed by Title VII by terminating Lucas's employment and otherwise retaliating against him because he made or filed a complaint and/or expressed his opposition to illegal harassment and/or discrimination.

44. As a direct and proximate result of Defendants' aforementioned intentional violation of Lucas's civil rights, as set forth by Title VII, Lucas has and

will continue to suffer damages, including but not limited to: the loss of compensation, both past and future; humiliation, shock, mental, emotional and physical distress; and damage to his personal and professional reputation.

**WHEREFORE**, Intervenor-Plaintiff Asher Lucas requests that this Court enter a Judgment against Defendants, jointly and severally, for damages and exemplary damages, in whatever amount is shown to be established by the proofs, and injunctive or equitable relief, together with interest, costs, and reasonable attorney fees.

### COUNT IV – VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT – RETALIATION

45. Lucas repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein verbatim.

46. At all times relevant herein, Lucas was an employee and Defendants each were an "employer" and "person" within the meaning of the ELCRA.

47. At all times relevant herein, under the ELCRA, Lucas had a right to be free from retaliation and discrimination because he opposed a violation of the ELCRA.

48. Defendants violated Lucas's rights under the ELCRA by, retaliating and discriminating against Lucas because of his opposition of harassment and/or discrimination and/or his report(s) of a violation of the ELCRA including but not limited to:

a. Terminating Lucas's employment because he reported and/or opposed a violation of the ELCRA;

b. Denying Lucas employment opportunities because he reported and/or opposed a violation of the ELCRA;

c. Treating employees, including Lucas, differently than similarly situated employees;

d. Discriminating against Lucas with respect to compensation or the terms, conditions, or privileges of employment; and

e. Otherwise discriminating against and disparately treating Lucas because he reported and/or opposed a violation of the ELCRA with respect to the terms, conditions and privileges of his employment.

49. As a direct and proximate result of Defendants' aforementioned intentional violations of Lucas's civil rights, as set forth by the ELCRA, Lucas has and will continue to suffer damages, including but not limited to: the loss of employment; the loss of income, fringe benefits, and bonuses, both past and future; humiliation, shock, mental, emotional and physical distress; and damage to his personal and professional reputation.

**WHEREFORE**, Intervenor-Plaintiff Asher Lucas requests that this Court enter a Judgment against Defendants, jointly and severally, for damages and exemplary damages, in whatever amount is shown to be established by the proofs, and injunctive or equitable relief, together with interest, costs, and reasonable attorney fees in accordance with MCL §37.2801.

## COUNT V – VIOLATION OF TITLE VII OF THE
## CIVIL RIGHTS ACT OF 1964 – SEX HARASSMENT

50. Lucas repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein verbatim.

51. At all relevant times, Defendants were an "employer" and a "person" as those terms are defined by Title VII.

52. Under Title VII, Defendants were prohibited from harassing Lucas on the basis of his sex.

53. Defendants violated Lucas's rights under Title VII by harassing Lucas because of his sex and/or permitting other employees to harass Lucas on the basis of his sex and/or failing to take remedial action.

54. The employees' harassment of Lucas on the basis of his sex was intentional.

55. The employees' harassment of Lucas on the basis of his sex created a hostile work environment.

56. Defendants failed to adequately investigate Lucas's complaint of discrimination and/or harassment on the basis of his sex.

57. Defendants failed to take appropriate remedial action against the employees harassing Lucas on the basis of his sex.

58. As a direct and proximate result of Defendants' aforementioned intentional violations of Lucas's civil rights, as set forth by Title VII, Lucas has and

will continue to suffer damages, including but not limited to: the loss of employment; the loss of income, fringe benefits, and bonuses, both past and future; humiliation, shock, mental, emotional and physical distress; and damage to his personal and professional reputation.

**WHEREFORE**, Intervenor-Plaintiff Asher Lucas requests that this Court enter a Judgment against Defendants, jointly and severally, for damages and exemplary damages, in whatever amount is shown to be established by the proofs, and injunctive or equitable relief, together with interest, costs, and reasonable attorney fees.

### COUNT VI – VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT – SEX HARASSMENT

59. Lucas repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein verbatim.

60. At all times relevant herein, Lucas was an employee and Defendants each were an "employer" and "person" within the meaning of the ELCRA.

61. At all times relevant herein, under the ELCRA, Lucas had a right to be free from harassment because of his sex.

62. Defendants violated Lucas's rights under the ELCRA by harassing Lucas because of his sex and/or permitting other employees to harass Lucas on the basis of his sex and/or failing to take remedial action.

63. The employees' harassment of Lucas on the basis of his sex was intentional.

64. The employees' harassment of Lucas on the basis of his sex created a hostile work environment.

65. Defendants failed to adequately investigate Lucas's complaint of discrimination and/or harassment on the basis of his sex.

66. Defendants failed to take appropriate remedial action against the employees harassing Lucas on the basis of his sex.

67. As a direct and proximate result of Defendants' aforementioned intentional violation of Lucas's civil rights, as set forth by the ELCRA, Lucas has and will continue to suffer damages, including but not limited to: the loss of employment; the loss of income, fringe benefits, and bonuses, both past and future; humiliation, shock, mental, emotional and physical distress; and damage to his personal and professional reputation.

**WHEREFORE**, Intervenor-Plaintiff Asher Lucas requests that this Court enter a Judgment against Defendants, jointly and severally, for damages and exemplary damages, in whatever amount is shown to be established by the proofs, and injunctive or equitable relief, together with interest, costs, and reasonable attorney fees in accordance with MCL §37.2801.

        Respectfully submitted,

        **MANNARINO LAW PLLC**

        */s/ Angela Mannarino*

        **ANGELA MANNARINO (P72374)**
        Attorneys for Intervenor-Plaintiff
        37637 Five Mile Road
        Suite 294
        Livonia, MI  48154
        (734) 430-0880

DATE:        November 7, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**

      Plaintiff,

and

**ASHER LUCAS,**

      Intervenor-Plaintiff

vs.

**BRIK ENTERPRISES,**
**INCORPORATED DBA**
**CULVER'S OF CLARKSTON,**
**DAVISON HOSPITALITY, INC.,**
**DBA CULVER'S OF DAVISON,**
**FENTON HOSPITALITY INC.,**
**DBA CULVER'S OF FENTON,**
**GB HOSPITALITY, INC. DBA**
**CULVER'S OF GRAND BLANC,**
**BLUE WATER HOSPITALITY,**
**INC.,**

      Defendants.

Case No. 24-cv-12817

HON. BRANDY R. MCMILLION

---

## **DEMAND FOR JURY TRIAL**

      Intervenor-Plaintiff, by and through his attorneys, MANNARINO LAW PLLC, demands a trial by jury in this cause of action.

Respectfully submitted,

**MANNARINO LAW PLLC**

*/s/ Angela Mannarino*

---

**ANGELA MANNARINO (P72374)**
Attorneys for Intervenor-Plaintiff
37637 Five Mile Road
Suite 294
Livonia, MI  48154
(734) 430-0880

DATE:   November 7, 2024