UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

and

ASHER LUCAS,

    Intervenor-Plaintiff,

v.

BRIK ENTERPRISES, INCORPORATION, D/B/A CULVER'S OF CLARKSTON, DAVISON HOSPITALITY, INC., D/B/A CULVER'S OF DAVISON, FENTON HOSPITALITY, INC., D/B/A CULVER'S OF FENTON, GB HOSPITALITY INC., D/B/A CULVER'S OF GRAND BLANC, BLUE WATER HOSPITALITY, INC.,

    Defendants.

Case No. 24-cv-12817 BRM CI

Hon. Brandy R. McMillion
Mag. Judge Curtis Ivy, Jr.

| | |
|---|---|
| DIANA E. MARIN  (P81514)<br>Trial Attorney<br>Detroit Field Office<br>EEOC<br>477 Michigan Avenue, Room 865<br>Detroit, MI  48226<br>(313) 774-0057<br>Diana.marin@eeoc.gov | COURTNEY L. NICHOLS  (P75160)<br>Plunkett Cooney<br>Attorneys for Defendants<br>38505 Woodward Ave., Suite 100<br>Bloomfield Hills, MI  48304<br>(248) 594-6360<br>cnichols@plunkettcooney.com<br>gamesse@plunkettcooney.com (asst) |

60093478.1

Angela M. Mannarino (P72374)
MANNARINO LAW PLLC
Attorneys for Intervenor-Plaintiff
37637 Five Mile Road #294
Livonia, MI 48154
(734) 430-0880
angela@mannarino-law.com

---

## ANSWER TO INTERVENOR-PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND

NOW COME the above-named Defendants, by and through their Attorneys, Plunkett Cooney, and in Answer to Intervenor-Plaintiff's Complaint, state as follows:

1.  In answer to paragraph 1 of the Intervenor-Plaintiff's Complaint, Defendants admit that Intervenor-Plaintiff's Complaint asserts claims of discrimination, harassment and retaliation in violation of the statutes asserted but denies that any such violations occurred or that Intervenor-Plaintiff was subjected to any discrimination, harassment and/or retaliation for the reason those claims are untrue.

## PARTIES

2.  In answer to paragraph 2 of the Intervenor-Plaintiff's Complaint, Defendants neither admit nor deny the allegation contained therein and leave Intervenor-Plaintiff to his strict proofs.

2

60093478.1

3. In answer to paragraph 3 of the Intervenor-Plaintiff's Complaint, Defendants admit the allegations contained therein.

4. In answer to paragraph 4 of the Intervenor-Plaintiff's Complaint, Defendants admit the allegations contained therein.

5. In answer to paragraph 5 of the Intervenor-Plaintiff's Complaint, Defendants admit the allegations contained therein.

6. In answer to paragraph 6 of the Intervenor-Plaintiff's Complaint, Defendants admit the allegations contained therein.

7. In answer to paragraph 7 of the Intervenor-Plaintiff's Complaint, Defendants admit the allegations contained therein.

## **JURISDICTION AND VENUE**

8. In answer to paragraph 8 of the Intervenor-Plaintiff's Complaint, Defendants state that this paragraph contains a legal conclusion that does not require a response. However, Defendants do not dispute that this Court has personal jurisdiction over Defendants.

9. In answer to paragraph 9 of the Intervenor-Plaintiff's Complaint, Defendants state that this paragraph contains a legal conclusion that does not require a response. However, Defendants admit that this Court has subject matter jurisdiction over Intervenor-Plaintiff's Title VII claim.

10. In answer to paragraph 10 of the Intervenor-Plaintiff's Complaint, Defendants state that this paragraph contains a legal conclusion that does not require a response. However, Defendants admit that this Court has the discretion to exercise supplemental jurisdiction over Intervenor-Plaintiff's state law claims.

11. In answer to paragraph 11 of the Intervenor-Plaintiff's Complaint, Defendants deny the allegations contained therein in the manner and form alleged for the reason the same are untrue.

12. In answer to paragraph 12 of the Intervenor-Plaintiff's Complaint, Defendants admit that Plaintiff raises allegations of events that occurred in this judicial district.

13. In answer to paragraph 13 of the Intervenor-Plaintiff's Complaint, Defendants admit the allegation contained therein.

14. In answer to paragraph 14 of the Intervenor-Plaintiff's Complaint, Defendants admit that on October 25, 2024, after the EEOC deemed conciliation a failure, the EEOC filed a Complaint alleging violations of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. Defendants deny the characterization that the EEOC was "unable to secure from Defendants" an acceptable agreement as the only Defendant identified in the Charge of

Discrimination and who was afforded an opportunity to meaningfully participate in Conciliation was Brik Enterprises.

## COMMON FACTUAL ALLEGATIONS

15. In answer to paragraph 15 of the Intervenor-Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein and leave Intervenor-Plaintiff to his strict proofs.

16. In answer to paragraph 16 of the Intervenor-Plaintiff's Complaint, Defendants state that Intervenor-Plaintiff began working at Brik Enterprises (d/b/a Culver's of Clarkston) in May 2021. Defendants deny that Intervenor-Plaintiff worked generally for all "Defendants" as alleged for the reason that claim is untrue.

17. In answer to paragraph 17 of the Intervenor-Plaintiff's Complaint, Defendants deny that Defendants collectively have a "General Manager" as alleged. Defendants state that the General Manager of Brik Enterprises (Culver's of Clarkston) was advised that Intervenor-Plaintiff indicated he identified as a man and was transgender.

18. In answer to paragraph 18 of the Intervenor-Plaintiff's Complaint, Defendants lack sufficient information to answer this allegation in the manner and form alleged. Defendants deny that they collectively employed a "GM" as

inferred or collectively hired "two female employees" to work at Culver's Clarkston for the reason those claims are untrue.

19. In answer to paragraph 19 of the Intervenor-Plaintiff's Complaint, Defendants deny that they jointly employed individuals who worked with Intervenor-Plaintiff and thus deny the characterization of such contained therein. As it relates to the claim that an employee at Culver's of Clarkston "frequently and purposely misgendered Lucas", Defendants neither admit nor deny the allegation contained therein for lack of sufficient information and leave Intervenor-Plaintiff to his strict proofs regarding same.

20. In answer to paragraph 20 of the Intervenor-Plaintiff's Complaint, Defendants neither admit nor deny whether Intervenor-Plaintiff "objected to and corrected the female employee's misgendering of him" for lack of sufficient information and leave Plaintiff to his strict proofs regarding same. As it relates to his claim that Intervenor-Plaintiff "complained to managers at Culver's Clarkston, but the female employee continued to use she/her pronouns to refer to Lucas", Defendants Brik Enterprises and Blue Water Hospitality, Inc. deny that allegation as untrue and the remaining Defendants (Culver's of Davison, Culver's of Fenton and Culver's of Grand Blanc) neither admit nor deny for lack of sufficient information.

21. In answer to paragraph 21 of the Intervenor-Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for lack of sufficient information and leaves Intervenor-Plaintiff to his strict proofs.

22. In answer to paragraph 22 of the Intervenor-Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for lack of sufficient information and leaves Intervenor-Plaintiff to his strict proofs.

23. In answer to paragraph 23 of the Intervenor-Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for lack of sufficient information and leaves Intervenor-Plaintiff to his strict proofs.

24. In answer to paragraph 24 of the Intervenor-Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for lack of sufficient information and leaves Intervenor-Plaintiff to his strict proofs.

25. In answer to paragraph 25 of the Intervenor-Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for lack of sufficient information and leaves Intervenor-Plaintiff to his strict proofs.

26. In answer to paragraph 26 of the Intervenor-Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for lack of sufficient information and leaves Intervenor-Plaintiff to his strict proofs.

27. In answer to paragraph 27 of the Intervenor-Plaintiff's Complaint, Defendants neither admit nor deny the allegation that a discussion occurred

between Intervenor-Plaintiff and three other employees as alleged on November 10, 2021 for lack of sufficient information. Defendants deny that they had a "lack of meaningful response" to alleged complaints and/or harassment because that claim is untrue.

28.   In answer to paragraph 28 of the Intervenor-Plaintiff's Complaint, Defendants admit that a report was made on November 10, 2021 of alleged harassment and misgendering. Defendants neither admit nor deny the remainder of the allegations contained therein in the manner and form alleged and leave Intervenor-Plaintiff to his strict proofs.

29.   In answer to paragraph 29 of the Intervenor-Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason the same are untrue.

## COUNT I – ALLEGED VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – SEX DISCRIMINATION

30.   Defendant incorporates by reference, its answers to paragraphs 1-29 of Intervenor-Plaintiff's Complaint, as though more fully set therein.

31.   In answer to paragraph 31 of the Intervenor-Plaintiff's Complaint, Defendants deny that they were each separately an "employer" of Intervenor-Plaintiff under Title VII for the reason that claim is untrue.

32. In answer to paragraph 32 of the Intervenor-Plaintiff's Complaint, Defendants admit that Title VII provides employees certain rights in the workplace as defined by statute and applicable law.

33. In answer to paragraph 33, including subparagraphs (a) through (e) of the Intervenor-Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason the same are untrue.

34. In answer to paragraph 34 of the Intervenor-Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason the same are untrue.

WHEREFORE, Defendants request that the Court deny all forms of relief sought by Plaintiff and pray for a Judgment of No Cause for Action together with costs and attorney's fees so wrongfully sustained in defending this litigation.

### COUNT II – ALLEGED VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – SEX DISCRIMINATION

35. Defendant incorporates by reference, its answers to paragraphs 1-34 of Intervenor-Plaintiff's Complaint, as though more fully set therein.

36. In answer to paragraph 36 of the Intervenor-Plaintiff's Complaint, Defendants deny that they were each separately an "employer" of Intervenor-Plaintiff under ELCRA for the reason that claim is untrue.

37. In answer to paragraph 37 of the Intervenor-Plaintiff's Complaint, Defendants admit that ELCRA provides employees with certain protections in the workplace as defined by statute and applicable law.

38. In answer to paragraph 38, including subparagraphs (a) through (e) of the Intervenor-Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason the same are untrue.

39. In answer to paragraph 39 of the Intervenor-Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason the same are untrue.

WHEREFORE, Defendants request that the Court deny all forms of relief sought by Intervenor-Plaintiff and pray for a Judgment of No Cause for Action together with costs and attorney's fees so wrongfully sustained in defending this litigation.

### COUNT III – ALLEGED VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – RETALIATION

40. Defendant incorporates by reference, its answers to paragraphs 1-39 of Intervenor-Plaintiff's Complaint, as though more fully set therein.

41. In answer to paragraph 41 of the Intervenor-Plaintiff's Complaint, Defendants deny that they were each separately an "employer" of Intervenor-Plaintiff under Title VII for the reason that claim is untrue.

42. In answer to paragraph 42, including subparagraphs (a) through (b) of the Intervenor-Plaintiff's Complaint, Defendants admit that Title VII prohibits retaliation as provided by statute and applicable law. Defendants deny that it engaged in any retaliatory action at any time and as further stated herein that they jointly employed Plaintiff as alleged.

43. In answer to paragraph 43 of the Intervenor-Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason the same are untrue.

44. In answer to paragraph 44 of the Intervenor-Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason the same are untrue.

WHEREFORE, Defendants request that the Court deny all forms of relief sought by Intervenor-Plaintiff and pray for a Judgment of No Cause for Action together with costs and attorney's fees so wrongfully sustained in defending this litigation.

## **COUNT IV – ALLEGED VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT – RETALIATION**

45. Defendant incorporates by reference, its answers to paragraphs 1-44 of Intervenor-Plaintiff's Complaint, as though more fully set therein.

46. In answer to paragraph 46 of the Intervenor-Plaintiff's Complaint, Defendants deny that they were each separately an "employer" of Intervenor-Plaintiff under ELCRA for the reason that claim is untrue.

47. In answer to paragraph 47 of the Intervenor-Plaintiff's Complaint, Defendants admit that ELCRA provides employees certain protections in the workplace and prohibits retaliation and discrimination as further described by the statute and applicable law.

48. In answer to paragraph 48, including subparagraphs (a) through (e) of the Intervenor-Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason the same are untrue.

49. In answer to paragraph 49 of the Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason the same are untrue.

WHEREFORE, Defendants request that the Court deny all forms of relief sought by Intervenor-Plaintiff and pray for a Judgment of No Cause for Action together with costs and attorney's fees so wrongfully sustained in defending this litigation.

### COUNT V – ALLEGED VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – SEX HARASSMENT

50. Defendant incorporates by reference, its answers to paragraphs 1-49 of Intervenor-Plaintiff's Complaint, as though more fully set therein.

51. In answer to paragraph 51 of the Intervenor-Plaintiff's Complaint, Defendants deny that they each were separately an "employer" of Plaintiff as alleged for the reason that claim is untrue.

52. In answer to paragraph 52 of the Intervenor-Plaintiff's Complaint, Defendants admit case law has interpreted Title VII's anti-discrimination provision to prohibit sex-based harassment as further described by applicable law.

53. In answer to paragraph 53 of the Intervenor-Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason the same are untrue.

54. In answer to paragraph 54 of the Intervenor-Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason the same are untrue.

55. In answer to paragraph 55 of the Intervenor-Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason the same are untrue.

56. In answer to paragraph 56 of the Intervenor-Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason the same are untrue.

57. In answer to paragraph 57 of the Intervenor-Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason the same are untrue.

58. In answer to paragraph 58 of the Intervenor-Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason the same are untrue.

WHEREFORE, Defendants request that the Court deny all forms of relief sought by Intervenor-Plaintiff and pray for a Judgment of No Cause for Action together with costs and attorney's fees so wrongfully sustained in defending this litigation.

## COUNT VI – ALLEGED VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT– SEX HARASSMENT

59. Defendant incorporates by reference, its answers to paragraphs 1-58 of Intervenor-Plaintiff's Complaint, as though more fully set therein.

60. In answer to paragraph 60 of the Intervenor-Plaintiff's Complaint, Defendants deny that they each were separately an "employer" of Plaintiff for the reason that claim is untrue.

61. In answer to paragraph 61 of the Intervenor-Plaintiff's Complaint. Defendants admit case law has interpreted ELCRA's anti-discrimination

14

provision to prohibit sex-based harassment as further described by applicable law.

62. In answer to paragraph 62 of the Intervenor-Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason the same are untrue.

63. In answer to paragraph 63 of the Intervenor-Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason the same are untrue.

64. In answer to paragraph 64 of the Intervenor-Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason the same are untrue.

65. In answer to paragraph 65 of the Intervenor-Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason the same are untrue.

66. In answer to paragraph 66 of the Intervenor-Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason the same are untrue.

67. In answer to paragraph 67 of the Intervenor-Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason the same are untrue.

60093478.1

WHEREFORE, Defendants request that the Court deny all forms of relief sought by Intervenor-Plaintiff and pray for a Judgment of No Cause for Action together with costs and attorney's fees so wrongfully sustained in defending this litigation.

                                Respectfully submitted,

                                PLUNKETT COONEY

BY:   /s/Courtney L. Nichols
       COURTNEY L. NICHOLS  (P75160)
       Attorneys for Defendants
       38505 Woodward Avenue, Suite 100
       Bloomfield Hills, MI  48304
       (248) 594-6360
       cnichols@plunkettcooney.com

## **AFFIRMATIVE DEFENSES**

NOW COME the above-named Defendants, by and through Attorneys, Plunkett Cooney, and submit the following Affirmative Defenses which may be relied upon at the time of trial of this matter:

      1.     The Complaint may fail to state a claim upon which relief can be granted, entitling one or more Defendants to judgment as a matter of law and/or fact.

      2.     Intervenor-Plaintiff's claims may be barred by the statute of limitations.

3. Intervenor-Plaintiff's claims are barred to the extent he failed to exhaust administrative remedies.

4. Intervenor-Plaintiff's claims are barred by the failure to name all alleged defendants in the underlying administrative charge.

5. Intervenor-Plaintiff's claims are barred to the extent that one or more Defendants did not employ the Charging Party.

6. Intervenor-Plaintiff's claims fail because the Defendants acted at all times within the bounds of good faith and for lawful, legitimate, non-discriminatory, and non-retaliatory business reasons.

7. Intervenor-Plaintiff's claims fail because he was not discriminated against because of sex or his membership in any other protected class.

8. Intervenor-Plaintiff's claims fail because he was not retaliated against for engaging in any conduct protected by Title VII or any other applicable law.

9. Intervenor-Plaintiff's claims are barred to the extent the same actions with respect to his employment would have occurred regardless of sex, any other protected characteristic, and/or protected activity.

10. Intervenor-Plaintiff's claims may be barred by the after-acquired evidence doctrine.

11. Intervenor-Plaintiff's claims may be barred for spoliation of evidence.

12. Intervenor-Plaintiff's claims may be barred by the doctrine of unclean hands.

13. Intervenor-Plaintiff's claims may be barred based on the intervening acts of a non-party.

14. Intervenor-Plaintiff's claims and/or the relief it seeks may be barred by the failure to mitigate damages.

15. Discovery has yet to begin, and the Defendants reserve the right to amend their answers and/or these affirmative and other defenses.

          Respectfully submitted,

          PLUNKETT COONEY

BY:   /s/Courtney L. Nichols
       COURTNEY L. NICHOLS  (P75160)
       Attorneys for Defendants
       38505 Woodward Avenue, Suite 100
       Bloomfield Hills, MI  48304
       (248) 594-6360
       cnichols@plunkettcooney.com

## **RELIANCE ON JURY DEMAND**

NOW COMES the above-named Defendants, by and through their Attorneys, PLUNKETT COONEY, and hereby rely on the jury demand as filed by Intervenor-Plaintiff on or about January 2, 2025.

Respectfully submitted,

PLUNKETT COONEY

BY: /s/Courtney L. Nichols
COURTNEY L. NICHOLS  (P75160)
Attorneys for Defendants
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI  48304
(248) 594-6360
cnichols@plunkettcooney.com

## **PROOF OF SERVICE**

The undersigned certifies that on January 23, 2025 a copy of the foregoing document was served upon the attorney(s) of record in this matter at their stated business address as disclosed by the records herein via:

- ☐ Hand delivery
- ☐ U.S. Mail
- ☐ Email
- ☐ Overnight mail
- ☐ Facsimile
- ☒ Electronic e-file

I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

/s/Gina Amesse
Gina Amesse

60093478.1