UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
    Plaintiff,

and

ASHER LUCAS,
    Intervenor-Plaintiff,

v.

BRIK ENTERPRISES, INCORPORATED, D/B/A CULVER'S OF CLARKSTON; DAVISON HOSPITALITY, INC., D/B/A CULVER'S OF DAVISON; FENTON HOSPITALITY INC., D/B/A CULVER'S OF FENTON; GB HOSPITALITY, INC., D/B/A CULVER'S OF GRAND BLANC; BLUE WATER HOSPITALITY, INC.,
    Defendants.

CASE NO. 2:24-cv-12817

HON. BRANDY R. MCMILLION

## MOTION TO DISMISS EEOC'S LITIGATION

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") respectfully requests that the Court dismiss the EEOC's claims, on the terms set forth below, in light of recent Administration policy changes. In support of this motion, the EEOC states the following.

    1.    On January 20, 2025, President Trump issued an Executive Order titled "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government"

(https://www.whitehouse.gov/presidential-actions/2025/01/defending-women-from-gender-ideology-extremism-and-restoring-biological-truth-to-the-federal-government/ (last visited 2025 February 7)) (the "Order").

2. On January 29, 2025, the Office of Personnel Management issued "Initial Guidance Regarding President Trump's Executive Order Defending Women" directing that all federal employees must comply with and take actions to effectuate the Order (https://www.opm.gov/media/yvlh1r3i/opm-memo-initial-guidance-regarding-trump-executive-order-defending-women-1-29-2025-final.pdf (last visited 2025 February 7)) ("OPM Guidance").

3. The EEOC's continued litigation of the claims in this action may be inconsistent with the Order and the OPM Guidance.

4. Pursuant to Local Rule 7.1(a), the movant sought, but was unable to obtain, concurrence in the relief sought in this motion to dismiss. Movant provided a draft of this motion to the attorneys for the parties. The defendants, but not the intervening plaintiff, concur in the relief sought.

For the foregoing reasons, the EEOC respectfully requests that the Court dismiss with prejudice the EEOC's claims on the following terms:

    A. Dismissal of the EEOC's claims shall be effective 30 days after the Court's ruling on this motion to give the aggrieved individuals an opportunity to seek private counsel and intervene in this action. *See* 42 U.S.C. § 2000e-5(f)(1) ("The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission . . . ").

B.  Each party to this action shall bear its own fees and costs incurred with respect to the dismissed EEOC's claims.

        Respectfully submitted,

        Christopher Lage
        Deputy General Counsel

        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        131 M. Street, N.E.
        Washington D.C. 20507

        /s/ Kenneth L. Bird
        Kenneth L. Bird, Ind. No. 10780-02
        Regional Attorney
        Indianapolis District Office
        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        South Building Suite 600
        115 W. Washington Street
        Indianapolis IN 46204
        463.999.1163
        Kenneth.Bird@EEOC.gov