UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

ASHER LUCAS,

    Plaintiff-Intervenor,

and

REGINA ZAVISKI and SAVANNAH
NURME-ROBINSON,

    Proposed Plaintiff-Intervenors,

v.

BRIK ENTERPRISES, INC., dba CULVER'S
OF CLARKSTON, DAVISON
HOSPITALITY, INC., dba CULVER'S
HOSPITALITY OF DAVISON, FENTON
HOSPITALITY, INC., dba CULVER'S OF
FENTON, GB HOSPITALITY, INC., dba
CULVER'S OF GRAND BLANC, BLUE
WATER HOSPITALITY, INC.,

    Defendants.
_____/

Case No. 24-cv-12817

Hon. Brandy McMillion

**<u>MOTION TO INTERVENE</u>**

Syeda F. Davidson (P72801)
Jay D. Kaplan (P38197)
Daniel S. Korobkin (P72842)
American Civil Liberties Union
  Fund of Michigan
2966 Woodward Ave.

Detroit, MI 48201
313.578.6814
sdavidson@aclumich.org
jkaplan@aclumich.org
dkorobkin@aclumich.org

*Counsel for Proposed Plaintiff-Intervenors Zaviski and Nurme-Robinson*

Diana E. Marin (P81514)
Detroit Field Office
EEOC
4 77 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 774-0057
Diana.marin@eeoc.gov

Kenneth L. Bird
EEOC
101 West Ohio Street
Ste. 1900
Indianapolis, IN 46204
(317) 226-7204
kenneth.bird@eeoc.gov

*Counsel for Plaintiff*

Angela M. Mannarino (P72374)
Mannarino Law PLLC
37637 Five Mile Road #294
Livonia, MI 48154
(734) 430-0880
angela@mannarino-law.com

*Counsel for Plaintiff-Intervenor Lucas*

Courtney L. Nichols (P75160)
Plunkett Cooney
38505 Woodward Ave.
Suite 100
Bloomfield Hills, MI 48304
(248) 594-6360
cnichols@plunkettcooney.com

*Counsel for Defendants*

## MOTION TO INTERVENE

Proposed Plaintiff-Intervenors, Regina Zaviski and Savannah Nurme-Robinson, by their attorneys from the American Civil Liberties Union Fund of Michigan, hereby move to intervene as Plaintiffs in this matter, and state the following in support of their motion:

1. The Equal Employment Opportunity Commission ("EEOC") filed this action to address Defendants' unlawful employment practices with regard to Asher Lucas, Regina Zaviski, Savannah Nurme-Robinson, and Jasper Sampson.

2. Asher Lucas is represented by counsel and has already intervened in this matter. Proposed Plaintiff-Intervenors now move to intervene in this action to protect their own interests.

3. Proposed Plaintiff-Intervenors' right to intervene is supported by the brief filed in support of this motion.

4. In accordance with Fed. R. Civ. P. 24(c), proposed Plaintiff-Intervenors' proposed Complaint in Intervention is attached as Exhibit 1.

5. In accordance with E.D. Mich. L.R. 7.1, on February 24, 2025, Proposed Plaintiff-Intervenors' counsel sought concurrence from counsel for Plaintiff-Intervenor Asher Lucas and counsel for the EEOC, both of whom concur in the relief requested. On February 24, 2025, Proposed Plaintiff-Intervenors'

counsel sought concurrence also from counsel for Defendants, who has not responded as of the date and time of the filing of this motion.

Wherefore, under Fed. R. Civ. P. 24(a) and (b), and 42 U.S.C. § 2000e-5(f)(1), Regina Zaviski and Savannah Nurme-Robinson respectfully request that this Court enter an order allowing them to intervene in this action as Plaintiff-Intervenors by filing their proposed Complaint in Intervention.

Dated: February 27, 2025          Respectfully submitted,

By: /s/ Syeda F. Davidson
Syeda F. Davidson (P72801)
Jay D. Kaplan (P38197)
Daniel S. Korobkin (P72842)
American Civil Liberties Union
  Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
313.578.6814
sdavidson@aclumich.org
jkaplan@aclumich.org
dkorobkin@aclumich.org

*Counsel for Proposed Plaintiff-Intervenors*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

ASHER LUCAS,

    Plaintiff-Intervenor,

and

REGINA ZAVISKI and SAVANNAH
NURME-ROBINSON,

    Proposed Plaintiff-Intervenors,

v.

BRIK ENTERPRISES, INC., dba CULVER'S
OF CLARKSTON, DAVISON
HOSPITALITY, INC., dba CULVER'S
HOSPITALITY OF DAVISON, FENTON
HOSPITALITY, INC., dba CULVER'S OF
FENTON, GB HOSPITALITY, INC., dba
CULVER'S OF GRAND BLANC, BLUE
WATER HOSPITALITY, INC.,

    Defendants.
_____/

Case No. 24-cv-12817

Hon. Brandy McMillion

**<u>BRIEF IN SUPPORT OF
MOTION TO INTERVENE</u>**

Syeda F. Davidson (P72801)
Jay D. Kaplan (P38197)
Daniel S. Korobkin (P72842)
American Civil Liberties Union
  Fund of Michigan
2966 Woodward Ave.

Detroit, MI 48201
313.578.6814
sdavidson@aclumich.org
jkaplan@aclumich.org
dkorobkin@aclumich.org

*Counsel for Proposed Plaintiff-Intervenors Zaviski and Nurme-Robinson*

Diana E. Marin (P81514)
Detroit Field Office
EEOC
4 77 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 774-0057
Diana.marin@eeoc.gov

Kenneth L. Bird
EEOC
101 West Ohio Street
Ste. 1900
Indianapolis, IN 46204
(317) 226-7204
kenneth.bird@eeoc.gov

*Counsel for Plaintiff*

Angela M. Mannarino (P72374)
Mannarino Law PLLC
37637 Five Mile Road #294
Livonia, MI 48154
(734) 430-0880
angela@mannarino-law.com

*Counsel for Plaintiff-Intervenor Lucas*

Courtney L. Nichols (P75160)
Plunkett Cooney
38505 Woodward Ave.
Suite 100
Bloomfield Hills, MI 48304
(248) 594-6360
cnichols@plunkettcooney.com

*Counsel for Defendants*

ii

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iv

FACTUAL AND PROCEDURAL BACKGROUND ................................................ 1

ARGUMENT .............................................................................................................. 5

    I.   Ms. Zaviski and Ms. Nurme-Robinson have a statutory right to intervene, and their motion is timely. ................................................................................... 5

    II.  Ms. Zaviski and Ms. Nurme-Robinson should be permitted to intervene under the single-filing rule. ....................................................................................... 7

CONCLUSION AND RELIEF REQUESTED ........................................................ 8

## TABLE OF AUTHORITIES

**Cases**

*Bostock v. Clayton County, Ga.*, 590 U.S. 644 (2020)..............................................4

*EEOC v. Keco Indus., Inc.*, 748 F.2d 1097 (6th Cir. 1984)........................................7

*EEOC v. Wilson Metal Casket Co.*, 24 F.3d 836 (6th Cir. 1994)...............................7

*Grubbs v. Norris*, 870 F.2d 343 (6th Cir. 1989).........................................................5

*Howlett v. Holiday Inns, Inc.,* 49 F.3d 189 (6th Cir. 1995)........................................7

**Statutes**

42 U.S.C. § 2000e-5..............................................................................................5, 7

**Rules**

Fed. R. Civ. P. 24.......................................................................................................5

**Other Authorities**

Julian Mark and Beth Reinhard, *Trump Administration Moves to Drop Transgender Discrimination Cases*, Washington Post (Feb. 15, 2025) .................4

## FACTUAL AND PROCEDURAL BACKGROUND

As alleged in Plaintiff's Complaint, Asher Lucas ("Mr. Lucas"), who is a transgender man, began working for Defendant Culver's of Clarkston in May 2021. From July 2021 until November 10, 2021, another employee of Defendants harassed Mr. Lucas based on his sex. This harassment included deliberately and repeatedly misgendering him,[1] asking whether he had gender reassignment surgery, speaking openly and negatively about Mr. Lucas's transgender status to other employees, and stating openly that Mr. Lucas should not work for Defendants because he was transgender. Mr. Lucas objected to the employee harassing him and complained to Defendants' managers, but Defendants failed to take prompt remedial measures to stop the harassment.

Savannah Nurme-Robinson ("Ms. Nurme-Robinson") was one of Mr. Lucas's co-workers and witnessed the harassment. Ms. Nurme-Robinson also complained to Defendants' managers about the harassment. Defendants' general manager told Ms. Nurme-Robinson that he would address the harassment. However, the harassing employee was permitted to persist in her harassment of Mr. Lucas and begin harassing another employee, who was a lesbian. The employee

---

[1] "Misgendering" is the practice of referring to someone using terms that do not reflect their gender identity. Often, this occurs by using pronouns that do not align with the person's gender identity. Repeatedly and deliberately misgendering a person is a tactic that is commonly used to bully and harass transgender people.

1

who was being harassed because she was a lesbian then also complained about the harasser, who received nothing but a verbal warning in her personnel file.

      Defendants' lack of action against the harasser empowered her to increase her harassment against Mr. Lucas by obtaining his birth name, sharing it with other employees without Mr. Lucas's consent, and recruiting other employees to engage in harassment against him. On November 10, 2021, Regina Zaviski ("Ms. Zaviski") was working at Culver's of Clarkston. Mr. Lucas, Ms. Nurme-Robinson, and the harasser were also working. The harasser told Ms. Zaviski that Mr. Lucas "was really a girl" and that she had learned Mr. Lucas's "real name." Ms. Zaviski opposed the harasser's comments and was concerned that she had obtained and was sharing Mr. Lucas's birth name without his consent. Ms. Zaviski told the harasser that she would report her to Defendants' general manager and did so the same day. Mr. Lucas also complained again the same day, this time adding that he was afraid because the harasser had obtained his birth name and was sharing it. The same day, Jasper Sampson, who also worked at Culver's of Clarkston, also complained about the harassment that he witnessed.

      When Ms. Zaviski reported the harasser's conduct, Defendants' general manager responded that he had spoken to the harasser before. Mr. Lucas, Ms. Zaviski, Ms. Nurme-Robinson, and Jasper Sampson all met in Defendants' Clarkston office to discuss Defendants' failure to take prompt, remedial measures

2

to stop the harassment of Mr. Lucas. After Ms. Zaviski's shift, she again contacted Defendants' general manager about the harasser. Ms. Zaviski suggested that the harasser be fired due to the severity of her actions and explained that she would not be comfortable returning to work until then. Defendants' general manager responded that he was "fully capable of handling this situation properly and ha[d] done so before and accept[ed her] resignation."

On November 11, 2021, Defendants' general manager, in consultation with Defendants' owner, also fired Mr. Lucas, Ms. Nurme-Robinson, and Jasper Sampson in retaliation for opposing the harassment and complaining about the harasser.

On February 15, 2022, Mr. Lucas filed a Charge of Discrimination with the EEOC. Charge of Discrimination, Ex. 1. The charge alleged claims for discrimination and retaliation. *Id.* On May 8, 2024, the EEOC issued a letter of determination, finding reasonable cause that Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq*. ("Title VII"), by failing to take prompt remedial action to stop the harassment of Mr. Lucas, and by retaliating against Mr. Lucas and "a class of individuals" for opposing or complaining about the harassment. Letter of Determination, Ex. 2. The EEOC attempted conciliation among all parties, including Mr. Lucas, Ms. Zaviski, Jasper Sampson, and "each affected class member." Draft Conciliation Agreement, Ex. 3.

3

The conciliation failed, and the EEOC brought suit in its own name against Defendants for discriminating against Mr. Lucas based on his sex, and for retaliating against Mr. Lucas, Ms. Zaviski, Ms. Nurme-Robinson, and Jasper Sampson, in violation of Title VII. The Complaint filed by the EEOC was filed "to provide appropriate relief to Charging Party Asher Lucas, Jasper Sampson, Regina Zavinski [sic], and Savannah Nurme-Robinson." Complaint, ECF No. 1, PageID.1. It included, in detail, the actions that Defendants took against Proposed Plaintiff-Intervenors and sought relief on their behalf.

At the time that the Complaint was filed, Proposed-Intervenors had no reason to intervene, because they believed that the EEOC would adequately represent their interests. However, the EEOC has since reversed course on protecting the rights of transgender employees under the Trump administration. Julian Mark and Beth Reinhard, *Trump Administration Moves to Drop Transgender Discrimination Cases*, The Washington Post (Feb. 15, 2025), attached hereto as Ex. 4. Specifically, the EEOC has moved to dismiss its claims in multiple workplace discrimination cases filed on behalf of transgender employees across the nation. *Id.* Although discrimination against transgender employees was recognized to be a violation of Title VII by the U.S. Supreme Court in *Bostock v. Clayton County, Ga.*, 590 U.S. 644 (2020), the EEOC's motions to dismiss its claims in such cases assert that the suits "may be inconsistent" with an executive order directing federal

4

agencies to "recognize that women are 'biologically female, and men are biologically male.'" Ex. 4. Proposed Plaintiff-Intervenors now move to intervene formally in this case to protect their own interests.

## ARGUMENT

### I. Ms. Zaviski and Ms. Nurme-Robinson have a statutory right to intervene, and their motion is timely.

"On timely motion, the court must permit anyone to intervene who is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). In determining whether a motion to intervene is timely, a court will consider:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989).

Proposed Plaintiff-Intervenors have an unconditional right to intervene under Title VII, which provides that, where the EEOC brings a civil action against a respondent on behalf of an employee who has suffered discrimination or retaliation, "[t]he person or persons aggrieved shall have the right to intervene in [the] civil action brought by the Commission . . . . " 42 U.S.C. § 2000e-5(f). The Complaint filed by the EEOC was brought to "provide appropriate relief" to proposed Plaintiff-Intervenors, and names them specifically as aggrieved parties

5

who were fired in retaliation for opposing the harassment of Mr. Lucas under Title VII. The EEOC's Complaint also specifically states the adverse actions that Defendants took against proposed Plaintiff-Intervenors. Because the EEOC brought suit to vindicate the rights of Mr. Lucas and proposed Plaintiff-Intervenors, they have an unconditional statutory right to intervene in this case.

Proposed Plaintiff-Intervenors' motion is also timely. They filed this motion shortly after learning that the EEOC would no longer represent their interests and immediately after the EEOC filed a motion to dismiss its own claims. Defendants will not be prejudiced by proposed Plaintiff-Intervenors' participation because the EEOC attempted to conciliate their claims and have placed Defendants on notice regarding proposed Plaintiff-Intervenors' claims against them. Further, no discovery has been conducted at this time.

Finally, the EEOC's lawsuit alleges that "[t]he effect of firing Lucas, Sampson, Zavinski [sic], and Nurme-Robinson the day after they opposed and complained of the harassment and practices in paragraph 20 were to retaliate against them for engaging in protected activity, in violation of Title VII." Complaint, ECF No. 1, PageID. 15, ¶ 23. This is the same claim that Ms. Zaviski and Ms. Nurme-Robinson seek to bring to protect their own interests. Thus, their intervention is also permitted under Fed. R. Civ. P. 24(b)(1)(A) and (B).

## II. Ms. Zaviski and Ms. Nurme-Robinson should be permitted to intervene under the single-filing rule.

Timely filing of a charge with the EEOC is a prerequisite to suit under Title VII. 42 U.S.C. § 2000e-5(e). However, in a multiple-plaintiff, non-class action suit, a plaintiff may be excused from filing an EEOC charge under the "single filing rule" if one plaintiff has filed a timely EEOC charge, and the plaintiffs who did not file a charge have claims that arise out of similar treatment in the same time frame. *EEOC v. Wilson Metal Casket Co.*, 24 F.3d 836, 839-40 (6th Cir. 1994). The purpose of the filing requirement is to "give notice of potential Title VII liability to an alleged wrongdoer and to allow the EEOC to attempt to conciliate with the wrongdoer rather than go to court." *Id.* at 839. When the non-filed charge arises out of the same timeframe and is substantially related to the charge that was filed, the plaintiffs who did not file a charge "need not satisfy Title VII's filing requirement to recover." *Id.* at 840. This is also known as "piggybacking" the unfiled claim onto the claim that was filed with the EEOC. *See Howlett v. Holiday Inns, Inc.,* 49 F.3d 189, 194 (6th Cir. 1995). "A charge will be adequate to support piggybacking under the single filing rule if it contains sufficient information to notify prospective defendants of their potential liability and permit the EEOC to attempt informal conciliation of the claims before a lawsuit is filed." *Id.* at 195. Before filing suit, the EEOC must only make a good faith attempt at conciliation. *See EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1102 (6th Cir. 1984).

7

Here, the EEOC made findings of retaliation by Defendants against Ms. Zaviski and Ms. Nurme-Robinson and issued a letter of determination stating that "like and related and growing out of the investigation, the evidence revealed a class of individuals who were also discharged on or around November 2021 for opposing or complaining of the harassment." Ex. 2. The EEOC also attempted to conciliate Ms. Zaviski's claim and Ms. Nurme-Robinson's claim, as the proposed conciliation agreement includes settlement amounts for Ms. Zaviski and "each affected class member." Ex. 3. Finally, as noted above, the EEOC's Complaint states that "[t]his is an action . . . to provide appropriate relief to Charging Party Asher Lucas, Jasper Sampson, Regina Zavinski [sic], and Savannah Nurme-Robinson." Complaint, ECF No. 1, PageID.1. Mr. Lucas's charge against Defendants was sufficient to prompt the EEOC to investigate Defendants' retaliation against Ms. Zaviski and Ms. Nurme-Robinson, and the EEOC filed suit to address those claims as well. Therefore, intervention by Ms. Zaviski and Ms. Nurme-Robinson is proper here.

## CONCLUSION AND RELIEF REQUESTED

Because they have a statutory right to intervene, because their motion to do so is timely, and because their claims are substantially related to the lawsuit already filed, Ms. Zaviski and Ms. Nurme-Robinson should be allowed to intervene as Plaintiff-Intervenors. Accordingly, Ms. Zaviski and Ms. Nurme-Robinson

respectfully request that this Court enter an order allowing them to intervene in this action as Plaintiff-Intervenors by filing their proposed Complaint in Intervention, which is attached to this Motion as Exhibit 5.

Dated: February 27, 2025   Respectfully submitted,

By: /s/ Syeda F. Davidson
Syeda F. Davidson (P72801)
Jay D. Kaplan (P38197)
Daniel S. Korobkin (P72842)
American Civil Liberties Union
 Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
313.578.6814
sdavidson@aclumich.org
jkaplan@aclumich.org
dkorobkin@aclumich.org

*Counsel for Proposed Plaintiff-Intervenors*

9