# Exhibit 3

# Draft Conciliation Agreement



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Detroit Field Office**

477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 774-0020
TTY 800-669-6820
FAX (313) 226-2778

## U.S. Equal Employment Opportunity Commission

In the Matter of:

Charge No.: 471-2022-00779

**Conciliation Agreement**

Asher Lucas                                             Charging Party

And

Culver's                                                Respondent
6910 Sashabaw Road
Clarkston, Michigan 48348

\*\*\*

An investigation having been made under Title VII of the Civil Rights Act of 1964, as amended by the U.S. Equal Employment Opportunity Commission (EEOC) and reasonable cause having been found, the parties do resolve and conciliate this matter as follows:

## **TABLE OF CONTENTS**

| SECTION | | PAGE |
|---|---|---|
| I. | GENERAL PROVISIONS | 3 |
| II. | EMPLOYMENT POLICIES AND PRACTICES | 3 |
| III. | CHARGING PARTY RELIEF | 4 |
| IV. | AFFECTED CLASS RELIEF | 4 |
| V. | NOTICE REQUIREMENT | 4 |
| VI. | CONSENT FOR RELEASE OF NOTICE | 4 |
| VII. | REPORTING REQUIREMENTS | 4 |
| IX. | SIGANTURE PAGE | 5 |

ATTACHMENT A          NOTICE TO EMPLOYEES

2

## I.  GENERAL PROVISIONS

1. Charging Party agrees not to sue the respondent with respect to any allegations contained in the above-referenced charge. EEOC agrees not to use the above-referenced charge as the jurisdictional basis for filing a lawsuit against the respondent. However, nothing in this Agreement shall be construed to preclude EEOC and/or any aggrieved individual(s) from bringing suit to enforce this agreement in the event that the respondent fails to perform the promises and representations contained herein. Neither does it preclude the Charging Party or the Commission from filing charges in the future.

2. EEOC reserves all rights to proceed with respect to matters like and related to these matters but not covered in this Agreement and to secure relief on behalf of aggrieved persons not covered by the terms of this Agreement.

3. The Respondent agrees that it shall comply with all requirements of **Title VII of the Civil Rights Act of 1964, as amended.**

4. The Parties agree that there shall be no discrimination or retaliation of any kind against any person because of opposition to any practice declared unlawful under **Title VII of the Civil Rights Act of 1964** or because of the filing of a charge, giving of testimony or assistance, or participation in any manner in any investigation, proceeding, or hearing under the named statutes.

5. Respondent agrees that EEOC may review compliance with this Agreement. As a part of such review, EEOC may require written reports regarding compliance, inspect Respondent's premises at reasonable times, interview employees, and examine and copy relevant documents.

6. This Agreement shall remain in full force and effect until two (2) years after the date of execution and until verification of full compliance with its terms is obtained.

7. The Parties agree that the rights of all unlocated persons entitled to specific relief as provided for under the terms of this Agreement are preserved.

## II. EMPLOYMENT POLICIES AND PRACTICES

1. *Cessation Provision.* Respondent agrees to cease discriminating on the basis of sexual orientation or gender identity in all phases of employment including recruitment, hiring, job assignment, promotion, training, investigation procedures, and other terms, conditions or privileges of employment.

2. *Other Targeted Equitable Relief.*

    a. Respondent agrees to establish an effective policy prohibiting discrimination on the basis of sexual orientation and/or gender identity and retaliation; Respondent further agrees to provide employees with the name and telephone number to report claims of employment discrimination and provide employees with an anonymous source to report claims of discrimination within sixty (60) days of the execution of the agreement.

    b. Respondent agrees to distribute the Title VII policy addressing sexual orientation and gender identity and retaliation to all employees electronically and provide for an opportunity for questions and answers.

c. Respondent agrees to provide Title VII training with an emphasis on sexual orientation and gender identity discrimination, and retaliation to all managers, team leaders, and staff under the employment of Brik Enterprises, Inc. dba Culver's of Clarkston and all of Respondent's Michigan locations within one hundred and twenty (120) days of this agreement. No later than thirty (30) days prior to conducting Training, Respondent shall submit all training materials to be used to the EEOC, which may in its discretion, review the materials and comment as to form and content. The EEOC agrees to submit comments, if any, to Respondent's training materials to Respondent's counsel no later than ten (10) business days after receipt thereof. If Respondent contracts with the EEOC to conduct the training, Respondent will not have to supply the materials identified above as part of its reporting obligation. The Respondent may contact Outreach & Education Coordinator Samuel Bills at (313) 774-0016, samuel.bills@eeoc.gov, regarding the EEOC's virtual and in-person Customer Specific Training opportunities.

d. Respondent agrees to remove warning notices or other negative performance write-ups from Charging Party and Class Member personnel files.

e. Respondent agrees to provide a written signed job reference which indicates Charging Party's and Class Members' dates of employment and that each was a good employee. In addition, if Respondent is contacted by a prospective employer, Respondent will provide a positive job reference for Charging Party or Class Members and shall make no mention of Charging Party's sex harassment complaint, EEOC complaint, or Class Members' involvement.

## III. CHARGING PARTY RELIEF

1. Respondent agrees to pay Charging Party the amount of $9,860.00 dollars in backpay including interest within thirty (30) days of the execution of this agreement.
2. Respondent agrees to pay Charging Party the amount of $50,000.00 dollars in compensatory damages within thirty (30) days of the execution of the agreement.
3. Respondent agrees to pay Charging Party the amount of $50,000.00 dollars in punitive damages within thirty (30) days of the execution of the agreement.
4. Respondent agrees to pay Charging Party $40,000.00 dollars in attorney fees within 30 days of the execution of the agreement.

## IV. AFFECTED CLASS RELIEF

1. Respondent agrees to pay Jasper Sampson the amount of $4,598.00 dollars in backpay including interest within thirty (30) days of the execution of this agreement.
2. Respondent agrees to pay Regina Zaviski the amount of $2,080.00 dollars in backpay including interest within thirty (30) days of the execution of this agreement.
3. Respondent agrees to pay each affected class member $15,000.00 dollars in compensatory damages within thirty (30) days of the execution of the agreement.
4. Respondent agrees to pay each affected class member $30,000.00 dollars in punitive damages within thirty (30) days of the execution of the agreement.

## V. NOTICE REQUIREMENT

The Respondent agrees to sign and conspicuously post the Notice to Employees found as Attachment A. Respondent will post copies of the Notice on all employee bulletin boards for a

4

period of one year or until approved for removal by the Director of the Equal Employment Opportunity Commission. Respondent agrees to also send a copy of the Notice to Employees electronically to all employees using either Respondent's Human Resources Information System ("HRIS") or other messaging platform used by Respondent to communicate with its employees.

## VI. CONSENT FOR RELEASE OF NOTICE

In view of the voluntary undertaking on the part of all parties concerned, consent is hereby given and it is agreed that disclosure to the public of the terms of the agreement shall be carried out as agreed upon by the parties, with the understanding however, that the contents of conciliation discussions between all the parties hereto be excluded and shall be considered and treated as confidential.

## VII. REPORTING REQUIREMENTS

1. <u>Monetary Damages</u> – Within ten (10) days of the effective date of this Agreement, the Respondent agrees to provide the EEOC a copy of the check(s) made payable to the Charging Party and Affected Class Members in the appropriate amount for the monetary damages, with the certified mail receipt signed by the Charging Party and Affected Class Members or other authorized signature, in compliance with Section III.

2. <u>EEOC's reporting requirements under IRC Sections 162(f) and 6050X</u>

    The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

    1. Within ten (10) business days of the signing of this agreement, Respondent agrees to provide, through the EEOC Respondent Portal, 1) the Respondent/Employer's EIN and 2) the individual and physical address to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual must be an employee of the Respondent/Employer.

    2. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

    3. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

    4. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

    5. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

5

3. <u>Reporting of Training</u> – Within sixty (60) days of the effective date of this agreement, the Respondent will provide documents which include a training syllabus, participant sign in sheet and other documents showing performance of Section II.

4. <u>Posting</u> – Provide verification that the Notice required under Section V has been posted and transmitted electronically to its employees.

## VII.  SIGNATURE

I have read the foregoing Conciliation Agreement and I accept and agree to the provisions contained therein:

_____      _____

Date                                                                                       Lucas Asher
                                                                                                  Charging Party


_____      _____

Date                                                                                       Name
                                                                                                  Respondent


Approved on Behalf of the Commission:


_____      _____

Date                                                                                       Ramiro Gutierrez
                                                                                                  Field Director

7

**Attachment A**



**NOTICE TO ALL EMPLOYEES**

This Notice is being posted as part of the remedy agreed to pursuant to a conciliation agreement between Brik Enterprise, Inc., d/b/a Culver's of Clarkston (Culver's) and the Equal Employment Opportunity Commission (EEOC).

Federal law requires that there be no discrimination against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, disability or age (40 and over) with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment.

Culver's supports and will comply with such federal law in all respects and will not take any action against employees because they have exercised their rights under the law.

Specifically, Culver's will not discriminate against employees due to their gender identity or retaliate against employees who participate in protected activity.

Individuals affected by our conduct will be made whole for any losses they suffered as a result of the discrimination against them.

Culver's has adopted an equal employment opportunity policy and will ensure that supervisory employees will investigate and take remedial action to eliminate harassment due to an employee's gender identity, and will not discharge employees who complain, oppose or participate in protected activity

Any employee that believes they have been subjected to unlawful employment discrimination may contact the U.S. Equal Employment Opportunity Commission at (313) 774-0020.

Signed this _____ day of _____, 2024

_____
Representative for Culver's

# DO NOT REMOVE THIS NOTICE

8