# Exhibit 5

Complaint in Intervention

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

and

ASHER LUCAS, REGINA ZAVISKI and
SAVANNAH NURME-ROBINSON,

      Plaintiff-Intervenors,

v.

BRIK ENTERPRISES, INC., dba CULVER'S
OF CLARKSTON, DAVISON HOSPITALITY,
INC., dba CULVER'S HOSPITALITY OF
DAVISON, FENTON HOSPITALITY, INC., dba
CULVER'S OF FENTON, GB HOSPITALITY,
INC., dba CULVER'S OF GRAND BLANC,
BLUE WATER HOSPITALITY, INC.,

      Defendants.

_____/

Case No. 24-cv-12817

Hon. Brandy McMillion

**<u>REGINA ZAVISKI AND
SAVANNAH NURME-
ROBINSON'S
COMPLAINT IN
INTERVENTION</u>**

**<u>JURY DEMAND</u>**

Syeda F. Davidson (P72801)
Jay D. Kaplan (P38197)
Daniel S. Korobkin (P72842)
American Civil Liberties Union
  Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
313.578.6814
sdavidson@aclumich.org
jkaplan@aclumich.org
dkorobkin@aclumich.org

1

*Counsel for Plaintiff-Intervenors*
*Zaviski and Nurme-Robinson*

## REGINA ZAVISKI AND SAVANNAH NURME-ROBINSON'S COMPLAINT IN INTERVENTION

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq*. ("Title VII"), to provide redress for actions that Defendants undertook against Plaintiff-Intervenors in retaliation for opposing unlawful employment practices on the basis of sex. As stated in more detail below, Defendants fired Regina Zaviski and Savannah Nurme-Robinson for opposing workplace discrimination and harassment against Asher Lucas, a transgender man.

PARTIES

1.     Plaintiff Equal Employment Opportunity Commission (the "Commission") is the agency of the United States charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

2.     Plaintiff-Intervenor Asher Lucas is a transgender man who was employed by Defendants. Mr. Lucas was repeatedly harassed during his employment because he is transgender. Defendants terminated his employment

2

when he reported the harassment. He is an individual who resides in the County of Oakland in the State of Michigan.

3.     Plaintiff-Intervenor Regina Zaviski is an individual who resides in the County of Oakland in the State of Michigan. She was terminated by Defendants in retaliation for opposing the harassment of Mr. Lucas.

4.     Plaintiff Intervenor Savannah Nurme-Robinson is an individual who resides in the County of Oakland in the State of Michigan. She was terminated by Defendants in retaliation for opposing the harassment of Mr. Lucas.

5.     Defendant Brik Enterprises, Inc., dba Culver's of Clarkston ("Brik") is a Michigan corporation, which is authorized to and does conduct business in Michigan. Brik has a place of business in the County of Oakland, State of Michigan, which at all relevant times, conducts regular, continuous, and systematic business activities in the Eastern District of Michigan. Brik has continuously had at least 15 employees.

6.     Defendant Davison Hospitality, Inc., dba Culver's of Davison ("Davison Hospitality") is a Michigan corporation, which is authorized to and does conduct business in Michigan. Davison Hospitality has a place of business in the County of Oakland, State of Michigan, which at all relevant times, conducts regular, continuous, and systematic business activities in the Eastern District of Michigan. Davison Hospitality has continuously had at least 15 employees.

3

7.     Defendant Fenton Hospitality, Inc., dba Culver's of Fenton ("Fenton Hospitality") is a Michigan corporation, which is authorized to and does conduct business in Michigan. Fenton Hospitality has a place of business in the County of Oakland, State of Michigan, which at all relevant times, conducts regular, continuous, and systematic business activities in the Eastern District of Michigan. Fenton Hospitality has continuously had at least 15 employees.

8.     Defendant GB Hospitality, Inc., dba Culver's of Grand Blanc ("GB Hospitality") is a Michigan corporation, which is authorized to and does conduct business in Michigan. GB Hospitality has a place of business in the County of Oakland, State of Michigan, which at all relevant times, conducts regular, continuous, and systematic business activities in the Eastern District of Michigan. GB Hospitality has continuously had at least 15 employees.

9.     Defendant Blue Water Hospitality, Inc. ("Blue Water Hospitality") is a Michigan corporation, which is authorized to and does conduct business in Michigan. Blue Water Hospitality has a place of business in the County of Oakland, State of Michigan, which at all relevant times, conducts regular, continuous, and systematic business activities in the Eastern District of Michigan. Blue Water Hospitality has continuously had at least 15 employees.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over Plaintiff-Intervenors' Title VII claims under 28 U.S.C. §§1331 and 1343.

11.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because the events giving rise to the claims occurred in this judicial district.

12.     This Court has jurisdiction over Defendants because they conduct business on a regular and systematic basis in the Eastern District of Michigan, and each has a place of business in the Eastern District of Michigan.

13.     At all relevant times, Defendants have operated a single employer or integrated enterprise by virtue of their common management, common ownership, interrelation of operations, and centralized control of labor relations.

14.     Mr. Lucas filed a Charge of Discrimination with the EEOC on February 15, 2022.

15.     The EEOC investigated Mr. Lucas's charge and attempted conciliation on behalf of Mr. Lucas, Ms. Zaviski, and Ms. Nurme-Robinson. When the conciliation failed, the EEOC filed this lawsuit in its own name, alleging violations of Title VII.

## STATEMENT OF FACTS

16.     Mr. Lucas is a transgender man who began working for Defendants in May 2021.

5

17.   From July 2021 until November 10, 2021, another employee of Defendants harassed Mr. Lucas because of his sex. The harassment began when the employee began to deliberately and repeatedly misgender him.[1]

18.   Mr. Lucas objected to the employee's harassment and corrected her misgendering of him. He complained to managers at Culver's of Clarkston, but Defendants failed to take prompt remedial measures to address the harassment, and the employee continued to misgender Mr. Lucas.

19.   Mr. Lucas continued to oppose and correct the employee's intentional misgendering, but the harassment continued and increased in severity. For example, the employee made remarks about Mr. Lucas's body, and asked Mr. Lucas whether he had gender reassignment surgery.  The employee also openly made comments that Mr. Lucas was "born a girl and needed to be a girl" and that Mr. Lucas should not work at Culver's because he "wanted to be a guy."

20.   Ms. Nurme-Robinson, who also worked for Defendants, heard the comments made by the employee and complained to Defendants' general manager about them. Defendants' general manager told Ms. Nurme-Robinson that he would address the harassment, but the harassment continued.

---

[1] "Misgendering" is the practice of referring to someone using terms that do not reflect their gender identity. Often, this occurs by using pronouns that do not align with the person's gender identity. Repeatedly and deliberately misgendering a person is a tactic that is commonly used to bully and harass transgender people.

21.     On October 29, 2021, the employee received a verbal written warning for making anti-lesbian comments to a different co-worker, including telling her that she was "going to hell" for being a lesbian. However, this did not stop the employee from harassing Mr. Lucas.

22.     In the last week of October or the first week of November 2021, the employee informed another employee, who happened to be her daughter, that Mr. Lucas was transgender. The employee's daughter then also began to misgender Mr. Lucas.

23.     Mr. Lucas again objected to the harassment and corrected the misgendering, but the harassment continued.

24.     The first harassing employee then sought out Mr. Lucas's birth name and obtained it from either Mr. Lucas's grandparents or Defendants' records. She shared this information with Defendants' employees without Mr. Lucas's consent. Employees then began calling Mr. Lucas by his birth name.

25.     On November 10, 2021, Ms. Zaviski was working at Culver's Clarkston as a shift manager. Ms. Nurme-Robinson was also working.

26.     The harassing employee told Ms. Zaviski that Mr. Lucas was "really a girl," and that she had spoken to Mr. Lucas's grandparents and learned Mr. Lucas's "real name."

27.     Ms. Zaviski objected to the harassing employee's comments and was concerned that she had obtained and was sharing Mr. Lucas's birth name without his consent. Ms. Zaviski told the employee that she was going to report her conduct.

28.     Ms. Zaviski reported the harassing employee's conduct and comments to Defendants' general manager on November 10, 2021, and he responded that he had spoken with the harassing employee before.

29.     Due to the general manager's lack of response, Mr. Lucas, Ms. Zaviski, Ms. Nurme-Robinson, and fellow employee Jasper Sampson met in the office to discuss the harassment and Defendants' failure to implement prompt, remedial measures to correct it.

30.     On November 10, Mr. Lucas again reported the employee's harassment to the general manager because he was now afraid that she had obtained his birth name and was sharing it without his approval. He was also afraid because she had recruited other employees to join in the harassment.

31.     The same day, Jasper Sampson also complained about the harassment of Mr. Lucas.

32.     After her shift ended on November 10, Ms. Zaviski again contacted the general manager about the harassing employee. She suggested that the

employee be terminated due to the severity of her actions and expressed that she would not feel comfortable returning to work until the employee was terminated.

33.    Defendants' general manager responded that the harassing employee "has been warned before" and that he was "fully capable of handling this situation properly and ha[d] done so before and accept[ed Ms. Zaviski's] resignation."

34.    Ms. Zaviski was shocked that Defendants' general manager had fired her for opposing harassment.

35.    On November 11, 2021, Defendants' general manager, in consultation with Defendants' owner, Kathryn Schmitt, fired Mr. Lucas and Ms. Nurme-Robinson for opposing and complaining about the harassment.

## COUNT I
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

36.    Plaintiff-Intervenors Zaviski and Nurme-Robinson incorporate by reference each paragraph above as though fully restated herein.

37.    Section 704(a) of Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against an employee for opposing "any practice made an unlawful practice by this subchapter." 42 U.S.C. §2000e-3(a).

38.    Ms. Zaviski and Ms. Nurme-Robinson both complained about continued harassment of Mr. Lucas, which was based on his sex, in violation of Title VII.

39.     As a result of Ms. Zaviski's and Ms. Nurme-Robinson's complaints, Defendants took a materially adverse action against them by terminating their employment.

40.     Defendants' actions against Ms. Zaviski and Ms. Nurme-Robinson were retaliatory, in violation of Title VII.

41.     Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

42.     As a proximate result of Defendants' retaliation against Ms. Zaviski and Ms. Nurme-Robinson, they have sustained injuries, resulting in damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

Plaintiff-Intervenors Zaviski and Nurme-Robinson request that this Court enter judgment in their favor and against Defendants as follows:

A. Enjoining Defendants from maintaining a hostile work environment on the basis of sex, including sexual orientation or gender identity;

B. Enjoining Defendants from retaliating against employees who complain about sex harassment, including harassment based on sexual orientation or gender identity;

C. Awarding Ms. Zaviski and Ms. Nurme-Robinson appropriate backpay with prejudgment interest, in amounts to be determined at trial;

D. Awarding Ms. Zaviski and Ms. Nurme-Robinson compensation for past and future pecuniary losses resulting from the unlawful employment practices described above;

E. Awarding Ms. Zaviski and Ms. Nurme-Robinson compensation for past and future pecuniary losses resulting from emotional pain, suffering, loss of enjoyment of life, and humiliation caused by the unlawful employment practices described above, in amounts to be determined at trial;

F. Awarding Ms. Zaviski and Ms. Nurme-Robinson punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial;

G. Requiring Defendants to pay costs, attorney fees, and interests incurred in bringing this action; and

H. Granting any other relief as this Court deems appropriate.

Dated: February 27, 2025          Respectfully submitted,

By: /s/ Syeda F. Davidson
Syeda F. Davidson (P72801)
Jay D. Kaplan (P38197)
Daniel S. Korobkin (P72842)
American Civil Liberties Union
  Fund of Michigan
2966 Woodward Ave. Detroit,
MI 48201 313.578.6814
sdavidson@aclumich.org
jkaplan@aclumich.org
dkorobkin@aclumich.org

11

*Counsel for Plaintiff-Intervenors*
*Zaviski and Nurme-Robinson*

## JURY DEMAND

Ms. Zaviski and Ms. Nurme-Robinson demand a trial by jury in this action.

Dated: February 27, 2025          Respectfully submitted,

By: /s/ Syeda F. Davidson
Syeda F. Davidson (P72801)
Jay D. Kaplan (P38197)
Daniel S. Korobkin (P72842)
American Civil Liberties Union
    Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
313.578.6814
sdavidson@aclumich.org
jkaplan@aclumich.org
dkorobkin@aclumich.org

*Counsel for Plaintiff-Intervenors*
*Zaviski and Nurme-Robinson*