UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSON,

    Plaintiff,

and,                                                  Case No. 24-cv-12817

ASHER LUCAS, REGINA ZAVISKI         Hon. Brandy McMillion
And SAVANNAH NURME-ROBINSON,

    Plaintiff-Intervenors,

  v.

BRIK ENTERPRISES, INC., dba CULVER'S
OF CLARKSTON, DAVISON HOSPITALITY,
INC., dba CULVER'S HOSPITALITY OF
DAVISON, FENTON HOSPITALITY, INC., dba
CULVER'S OF ENTON, GB HOSPITALITY,
INC., dba CULVER'S OF GRAND BLANC,
BLUE WATER HOSPITALITY, INC.,

    Defendants,

---

| | |
|---|---|
| SYEDA F. DAVIDSON  P72801<br>JAY D. KAPLAN  P38197<br>DANIEL S. KOROBKIN  P72842<br>American Civil Liberties Union<br>Fund of Michigan<br>Attorneys for Plaintiff-Intervenors<br>Zaviski & Nurme-Robinson<br>2966 Woodward Avenue<br>Detroit, MI  48201 | COURTNEY L. NICHOLS  (P75160)<br>Plunkett Cooney<br>Attorneys for Defendants<br>38505 Woodward Ave.<br>Suite 100<br>Bloomfield Hills, MI  48304<br>(248) 594-6360<br>cnichols@plunkettcooney.com<br>gamesse@plunkettcooney.com (sec) |

(313) 578-6814
sdavidson@aclumich.org
jkaplan@aclumich.org
dkorobkin@aclumich.org

## ANSWER TO REGINA ZAVISKI AND SAVANNAH NURME-ROBINSON'S COMPLAINT IN INTERVENTION WITH AFFIRMATIVE DFFENSES AND RELIANCE ON JURY DEMAND

NOW COME the above-named Defendants, by and through their Attorneys, Plunkett Cooney, and in Answer to Intervening Plaintiffs' Regina Zaviski and Savannah Nurme-Robinson's (collectively, "Intervening Plaintiffs") Complaint, state as follows:

### NATURE OF THE ACTION

Defendants concede that Plaintiffs have brought claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2 *et seq.* ("Title VII") but deny that any Defendant engaged in any wrongdoing under Title VII or that there is any unlawful action to "redress", as requested. As it relates to the instant complaint, neither Intervening Plaintiff Regina Zaviski nor Savannah Nurme-Robinson were fired for opposing alleged workplace discrimination and harassment against Asher Lucas, as alleged. Both Plaintiffs' claims should be dismissed, with prejudice.

2

## **PARTIES**

1.    In response to Paragraph 1 of Intervening Plaintiffs' Complaint, Defendants admit the legal conclusions stated therein.

2.    In response to Paragraph 2 of Intervening Plaintiffs' Complaint, Defendants deny that Asher Lucas was "employed by Defendants", jointly or collectively as alleged, for the reason that the claim is untrue. Defendants further deny that Mr. Lucas was repeatedly harassed during his employment because he is transgender for the reason that the claim is true. Defendants also deny that his employment was terminated in retaliation for reporting any alleged harassment because the claim is untrue. Defendants neither admit nor deny that Mr. Lucas currently resides in the County of Oakland in the State of Michigan for lack of sufficient information at this time.

3.    In response to Paragraph 3 of Intervening Plaintiffs' Complaint, Defendants neither admit nor deny that Ms. Zaviski resides in the County of Oakland in the State of Michigan for lack of sufficient information and leave Intervening Plaintiff to her strict proofs regarding same. Defendants deny that they jointly or collectively employed Ms. Zaviski and deny that Defendants terminated Ms. Zaviski in retaliation for opposing the harassment of Mr. Lucas for the reason those claims are untrue.

4. In response to Paragraph 4 of Intervening Plaintiffs' Complaint, Defendants neither admit nor deny that Ms. Nurme-Robinson resides in the County of Oakland in the State of Michigan for lack of sufficient information and leave Intervening Plaintiff to her strict proofs regarding same. Defendants deny that they jointly or collectively employed Ms. Nurme-Robinson and deny that Defendants terminated Ms. Nurme-Robinson in retaliation for opposing the harassment of Mr. Lucas for the reason those claims are untrue.

5. Defendants admit the allegations in Paragraph 5 of Intervening Plaintiffs' Complaint.

6. Defendants admit the allegations in Paragraph 6 of Intervening Plaintiffs' Complaint.

7. Defendants admit the allegations in Paragraph 7 of Intervening Plaintiffs' Complaint.

8. Defendants admit the allegations in Paragraph 8 of Intervening Plaintiffs' Complaint.

9. Defendants admit the allegations in Paragraph 9 of Intervening Plaintiffs' Complaint.

**JURISDICTION AND VENUE**

10. Defendants admit the allegations in Paragraph 10 of Intervening Plaintiffs' Complaint.

11. Defendants deny that the events giving rise to the alleged claims occurred as alleged by Intervening Plaintiffs and as more thoroughly denied herein. Defendants do not dispute venue in this judicial district.

12. Defendants admit the allegations in Paragraph 12 of Intervening Plaintiffs' Complaint.

13. In response to Paragraph 13 of Intervening Plaintiffs' Complaint, Defendants deny the allegations contained therein for the reason the same are untrue.

14. Defendants admit the allegations contained in Paragraph 14 of Intervening Plaintiffs' Complaint.

15. Defendants admit the allegations contained in Paragraph 15 of Intervening Plaintiffs' Complaint.

**STATEMENT OF ALLEGED FACTS**

16. In response to Paragraph 16 of Intervening Plaintiffs' Complaint, Defendants admit that Mr. Lucas has asserted he is a transgender man. Defendants deny that Mr. Lucas worked for "Defendants", collectively, for the reason that the claim is untrue. Defendants admit that Mr. Lucas began working at Brik Enterprises (Culver's of Clarkston) in May 2021.

17. In response to Paragraph 17 of Intervening Plaintiffs' Complaint, Defendants deny that they collectively employed the individuals, as alleged, for

5

the reason that the claim is untrue. Defendants deny that Mr. Lucas was subjected to unlawful harassment because of his sex in violation of Title VII, as implied, because that claim is untrue.

18. In response to Paragraph 18 of Plaintiffs' Complaint, Defendants neither admit nor deny the scope of conversations between Mr. Lucas and another alleged employee of any Defendant for lack of sufficient information. Defendants deny that Mr. Lucas complained to "managers" as alleged for the reason that the claim is untrue. Defendants further deny that any Defendant or Defendants "failed to take prompt remedial measures" to address the alleged harassment for the reason that claim is untrue or that there were repeated complaints about misgendering, as inferred, for the reason that claim is untrue.

19. In response to Paragraph 19 of Plaintiffs' Complaint, Defendants deny any inference that the allegations contained therein were reported to "managers" of Culver's of Clarkston, as implied and previously alleged, for the reason that implication/claim is untrue. Defendants further deny having any knowledge of the allegations contained in Paragraph 19 or failing to take prompt remedial measures regarding same, for the reason those inferences are untrue. As it relates to Mr. Lucas' claims regarding conversations between himself and another employee for which management was not present,

6

Defendants neither admit nor deny the same for lack of sufficient information at this time.

20. In response to Paragraph 20 of Intervening Plaintiffs' Complaint, Defendants again object to the characterization of "Defendants' general manager" as implying all Defendants jointly employed employees of Brik Enterprises for the reason that claim is untrue. Additionally, Defendants deny the allegations contained in Paragraph 20 relative to Ms. Nurme-Robinson's alleged complaints and a management response for the reason those claims are untrue.

21. In response to Paragraph 21 of Intervening Plaintiffs' Complaint, Defendants deny that Mr. Lucas was subjected to harassment, as previously stated *infra* for the reason that the claim is untrue.

22. In response to Paragraph 22 of Intervening Plaintiffs' Complaint, Defendants deny that Mr. Lucas was subjected to harassment, as previously stated *infra* for the reason that the claim is untrue. As it relates to the specific conversations between an unnamed employee and her daughter and claimed subsequent misgendering, Defendants neither admit nor deny for lack of sufficient information and leave Intervening Plaintiffs to their strict proofs.

23. In response to Paragraph 23 of Intervening Plaintiffs' Complaint, Defendants deny any inference that Mr. Lucas complained repeatedly about

alleged harassment and/or was subjected to alleged harassment for the reason those claims are untrue.

24. In response to Paragraph 24 of Intervening Plaintiffs' Complaint, Defendants cannot admit nor deny what an alleged employee "sought ought" and from whom the alleged employee obtained information regarding Mr. Lucas. Defendants deny any inference that any such employee was given access to Mr. Lucas' personnel records without consent for the reason such claim is untrue. As it relates to allegations that other employees were calling Mr. Lucas by his birth name, Defendants neither admit nor deny in the manner and form alleged for lack of sufficient information at this time and leave Intervening Plaintiffs to their strict proofs.

25. In response to Paragraph 25 of Intervening Plaintiffs' Complaint, upon information and belief, Defendants admit that Ms. Zaviski and Ms. Nurme-Robinson were working at Culver's Clarkston on November 10, 2021.

26. In response to Paragraph 26 of Intervening Plaintiffs' Complaint, Defendants neither admit nor deny the allegations contained therein for lack of sufficient information and leave Plaintiffs to their strict proofs.

27. In response to Paragraph 27 of Intervening Plaintiffs' Complaint, Defendants neither admit nor deny the allegations contained therein for lack of sufficient information and leave Plaintiffs to their strict proofs.

8

28. In response to Paragraph 28 of Intervening Plaintiffs' Complaint, Defendants deny the allegations contained therein in the manner and form alleged for the reason the same are untrue.

29. In response to Paragraph 29 of Intervening Plaintiffs' Complaint, Defendants deny the allegations contained therein in the manner and form alleged for the reason the same are untrue.

30. In response to Paragraph 30 of Intervening Plaintiffs' Complaint, Defendants deny the allegations contained therein in the manner and form alleged for the reason the same are untrue.

31. In response to Paragraph 31 of Intervening Plaintiffs' Complaint, Defendants deny the allegations contained therein in the manner and form alleged for the reason the same are untrue.

32. In response to Paragraph 32 of Intervening Plaintiffs' Complaint, Defendants deny the allegations contained therein in the manner and form alleged for the reason the same are untrue.

33. In response to Paragraph 33 of Intervening Plaintiffs' Complaint, Defendants deny the allegations contained therein in the manner and form alleged for the reason the same are untrue.

34. In response to Paragraph 34 of Intervening Plaintiffs' Complaint, Defendants deny the allegations contained therein in the manner and form alleged for the reason the same are untrue.

35. In response to Paragraph 35 of Intervening Plaintiffs' Complaint, Defendants deny the allegations contained therein in the manner and form alleged for the reason the same are untrue.

## COUNT I

### RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

36. Defendants incorporate by reference each paragraph above as though fully restated herein.

37. In response to Paragraph 37 of Intervening Plaintiffs' Complaint, Defendants admit that Title VII prohibits discrimination as summarized in Paragraph 37 of the Complaint.

38. In response to Paragraph 38 of Intervening Plaintiffs' Complaint, Defendants deny the allegations contained therein in the manner and form alleged for the reason the same are untrue.

39. In response to Paragraph 39 of Intervening Plaintiffs' Complaint, Defendants deny the allegations contained therein in the manner and form alleged for the reason the same are untrue.

40. In response to Paragraph 40 of Intervening Plaintiffs' Complaint, Defendants deny the allegations contained therein in the manner and form alleged for the reason the same are untrue.

41. In response to Paragraph 41 of Intervening Plaintiffs' Complaint, Defendants deny the allegations contained therein in the manner and form alleged for the reason the same are untrue.

42. In response to Paragraph 42 of Intervening Plaintiffs' Complaint, Defendants deny the allegations contained therein in the manner and form alleged for the reason the same are untrue.

In response to Intervening Plaintiffs' Prayer for Relief, Defendants state that Intervening Plaintiffs are not entitled to any of the damages as outlined in Sections A – H.  Defendants pray for a Judgment of No Cause for Action together with costs and attorney's fees so wrongfully sustained in defending this litigation.

        Respectfully submitted,

        PLUNKETT COONEY

BY:    /s/Courtney L. Nichols
        COURTNEY L. NICHOLS  (P75160)
        Attorneys for Defendants
        38505 Woodward Avenue, Suite 100
        Bloomfield Hills, MI  48304
        (248) 594-6360
        cnichols@plunkettcooney.com

## **AFFIRMATIVE DEFENSES**

NOW COME the above-named Defendants, by and through Attorneys, Plunkett Cooney, and submit the following Affirmative Defenses which may be relied upon at the time of trial of this matter:

1. The Complaint may fail to state a claim upon which relief can be granted, entitling one or more Defendants to judgment as a matter of law and/or fact.

2. Defendants did not collectively or jointly employ either Intervening Plaintiff, and Intervening Plaintiffs cannot maintain a claim against an entity who was not either of their employers under Title VII of the Civil Rights Act.

3. Intervening Plaintiffs claims may be barred by the statute of limitations.

4. Intervening Plaintiffs claims are barred to the extent either Intervening Plaintiff failed to exhaust administrative remedies.

5. Intervening Plaintiffs' claims fail because the Defendants acted at all times within the bounds of good faith and for lawful, legitimate, non-discriminatory, and non-retaliatory business reasons.

6. Intervening Plaintiffs' claims fail because the Charging Party was not discriminated against because of sex or his membership in any other protected class.

7. Intervening Plaintiffs' claims fail because neither Intervening Plaintiff was retaliated against for engaging in any conduct protected by Title VII or any other applicable law.

8. Intervening Plaintiffs' claims are barred to the extent the same actions with respect to the Charging Party's employment would have occurred regardless of sex, any other protected characteristic, and/or protected activity.

9. Intervening Plaintiffs' claims may be barred by the after-acquired evidence doctrine.

10. Intervening Plaintiffs' claims may be barred for spoliation of evidence.

11. Intervening Plaintiffs' claims may be barred by the doctrine of unclean hands.

12. Intervening Plaintiffs' claims may be barred based on the intervening acts of a non-party.

13. P Intervening Plaintiffs' claims and/or the relief they seek may be barred by the failure to mitigate damages.

14. Discovery has yet to begin, and the Defendants reserve the right to amend their answers and/or these affirmative and other defenses.

Respectfully submitted,

PLUNKETT COONEY

BY: /s/Courtney L. Nichols
COURTNEY L. NICHOLS  (P75160)
Attorneys for Defendants
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI  48304
(248) 594-6360
cnichols@plunkettcooney.com

## **RELIANCE ON JURY DEMAND**

NOW COME the above-named Defendants, by and through Attorneys, PLUNKETT COONEY, and hereby rely on the jury demand as filed by Intervening Plaintiff on or about February 27, 2025.

Respectfully submitted,

PLUNKETT COONEY

BY: /s/Courtney L. Nichols
COURTNEY L. NICHOLS  (P75160)
Attorneys for Defendants
38505 Woodward Avenue
Suite 100
Bloomfield Hills, MI  48304
(248) 594-6360
cnichols@plunkettcooney.com

**PROOF OF SERVICE**

The undersigned certifies that on April 8, 2025, a copy of the foregoing document was served upon the attorney(s) of record in this matter at their stated business address as disclosed by the records herein via:

- ☐ Hand delivery
- ☐ U.S. Mail
- ☐ Email
- ☐ Overnight mail
- ☐ Facsimile
- ☒ Electronic e-file

I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

                        /s/Debra Giordano
                          Debra Giordano